HARVEY MIDKIFF, EMPLOYEE, v. NORTH CAROLINA GRANITE CORPORATION, SELF-INSURER, EMPLOYER.

(Filed 27 February, 1952.)

**1. Statutes § 5a—**

   A statute is to be construed to effect its intent.

**2. Statutes § 5d—**

   Statutes *in pari materia* are to be construed together.

**3. Master and Servant § 40f—**

   An employee who has become affected by silicosis to such extent that, though not actually disabled, his continued employment in an occupation subjecting him to silica dust would be hazardous to his health, and who has therefore been ordered removed from such hazardous employment by the Industrial Commission, is not entitled to compensation under G.S. 97-61 when he has not been exposed to inhalation of silica dust for as much as two years in this State within ten years prior to his last exposure. G.S. 97-63.

APPEAL by defendant from *Rousseau, J.,* September Term, 1951, of SURRY County.

The claimant, Harvey Midkiff, is 41 years of age, and has been an employee in the granite industry from time to time for a total of about eighteen years.

The parties hereto are subject to and bound by the provisions of the North Carolina Workmen's Compensation Act. The employer is a self-insurer and the employee's claim was filed within the time required by statute.

The hearing Commissioner found the following facts:

1. That on 8 June, 1940, and for some time prior thereto, the claimant was employed by the Newport News Shipbuilding and Dry Dock Company at its facilities in Portsmouth, Virginia, as a burner and sheet metal worker; that he continued in this employment in such capacity until 1945; and that while so employed he did not work at any time in the State of North Carolina.

2. That in 1948 the claimant entered the employment of the Hilton Refrigeration Company where he worked as a refrigeration mechanic or as a helper to a refrigeration mechanic; and remained in this employment until March, 1949, and was not exposed to the hazards of free silica dust while in this employment.

3. In March, 1949, the claimant entered the employment of the defendant; that he continued in this employment until May, 1949, when he entered the employment of the Colonial Granite Company; that he remained in the employment of the Colonial Granite Company until September, 1949, when he was re-employed by the defendant; that he continued to work for the defendant until 9 June, 1950; that from March, 1949, until 9 June, 1950, the claimant was exposed to the hazards of free silica dust while employed in this State.

4. That claimant was exposed to dust containing free silica as much as thirty working days or parts thereof within seven consecutive calendar months while in the defendant's employment and that he was last exposed to the hazards of silicosis while in the employment of the defendant.

5. That the claimant has not been exposed to the inhalation of dust of silica or silicates in employment for a period of two years in this State, within ten years prior to 9 June, 1950.

6. That the claimant now has silicosis in the first or early stages; that he is not incapacitated by reason thereof from performing normal labor in the last occupation in which he was remuneratively employed as a stone cutter.

7. That the claimant is actively affected by silicosis to such a degree as to make it hazardous for him to continue in his employment and that he would be benefited by being taken out of employment which would expose him to the hazards of silicosis.

8. The plaintiff has skill as a metal burner, sheet metal worker, and refrigeration mechanic for which trade he owns his own tools; that he is married and has two children; that his wife and children are totally dependent upon him for their support; and that no special training is required in order to properly readjust the claimant by reason of his removal from the employment in which he would be exposed to the hazards of silicosis.

Upon the foregoing findings of fact, the hearing Commissioner concluded as a matter of law that since the claimant was not exposed to inhalation of dust of silica or silicates for as much as two years in the ten years prior to his last injurious exposure while employed by the defendant, he could not recover compensation even if he were disabled, but that the provisions of G.S. 97-63 do not preclude the payment of rehabilitation benefits under the provisions of G.S. 97-61.

An award was entered directing the defendant to pay rehabilitation benefits as provided by G.S. 97-61, for a period not exceeding forty weeks from 1 January, 1951, at the weekly rate of sixty per cent of the difference between $70.00, the average weekly wage which the claimant was earning when last injuriously exposed, and the wage which he is able to earn after 1 January, 1951, in any other employment; provided, however, that such payments shall not exceed $24.00 per week.

The defendant appealed to the full Commission which affirmed the findings of fact, the conclusions of law, and the award of the hearing Commissioner by a majority decision, one Commissioner dissenting.

The defendant then appealed to the Superior Court of Surry County where the majority opinion of the Industrial Commission was affirmed. The defendant thereupon appealed to the Supreme Court, assigning error.

*Woltz & Barber and Folger & Folger for defendant, appellant.*
*J. H. Blalock for plaintiff, appellee.*

DENNY, J.    The sole question for decision is whether an employee is entitled to compensation under the provisions of G.S. 97-61, which provides for compensation for an employee not actually disabled but found to be affected by silicosis, when such employee has not been exposed to inhalation of dust of silica or silicates for as much as two years in this State, within ten years prior to his last exposure.

This precise question has not been presented heretofore for our consideration and determination. And we know of no decision from any other jurisdiction where statutory provisions similar to those involved herein have been construed. We have been unable to find such a decision and counsel for the respective parties cited none in their briefs. This necessitates a construction of the statutory provisions involved.

In construing a statute, it is the duty of the Court to find the legislative intent. *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484. "The heart of the statute is the intention of the law-making body." *Trust Co. v. Hood,* 206 N.C. 268, 173 S.E. 601; *Dyer v. Dyer,* 212 N.C. 620, 194 S.E. 278.

Our statute, with respect to occupational diseases, was enacted by the General Assembly in 1935, Chapter 122, now codified as G.S. 97-52 through G.S. 97-76. Section 1, sub-section (j) of the original act, as amended, now codified as G.S. 97-61, reads in pertinent part as follows: "Where an employee, though not actually disabled, is found by the industrial commission to be affected by asbestosis and/or silicosis, and it is also found by the industrial commission that such employee would be benefited by being taken out of his employment and that such disease with such employee has progressed to such a degree as to make it hazardous for him to continue in his employment and is in consequence removed therefrom by order of the industrial commission, or where an employee affected by asbestosis and/or silicosis as hereinbefore set forth is unable to secure employment by reason of such disease; he shall be paid compensation as for temporary total or partial disability, as the case may be, until he can obtain employment in some other occupation in which there are no hazards of such occupational disease: Provided, however, compensation in no such case shall be paid for a longer period than twenty weeks to an employee without dependents, nor for a longer period than forty weeks to an employee with dependents . . ."

Section 1, sub-section (k) of the original act, codified as G.S. 97-62, defines silicosis as "the characteristic fibrotic condition of the lungs caused by the inhalation of dust of silica or silicates." However, section 1, sub-section (l) of the original act, now codified as G.S. 97-63, contains the following provisions: "Compensation shall not be payable for disability or death due to silicosis and/or asbestosis unless the employee shall have been exposed to the inhalation of dust of silica or silicates or asbestos dust in employment for a period of not less than two years in this state, provided no part of such period of two years shall have been more than ten years prior to the last exposure."

It is conceded by all parties to this proceeding, and so held by the Industrial Commission, that the claimant by reason of the provisions contained in G.S. 97-63, as set out herein, would not be eligible for compensation for disability due to silicosis, if he were actually disabled therefrom, since he has not been exposed to inhalation of dust of silica or silicates, for as much as two years in this State, within ten years prior to his last exposure.

Statutes *in pari materia* are to be construed together. *Duncan v. Carpenter,* 233 N.C. 422, 64 S.E. 2d 410; *S. v. Humphries,* 210 N.C. 406, 186 S.E. 473; *Cameron v. Highway Commission,* 188 N.C. 84, 123 S.E.

465. And in our opinion the Legislature, in dealing with the occupational disease known as "silicosis," which disease ordinarily requires from ten to fifteen years before its symptoms develop (*Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E. 2d 797), did not intend to provide rehabilitation benefits for an employee under the provisions of 97-61 who had not been exposed to the dust of silica or silicates for as much as two years in this State, within ten years prior to his last exposure.

To hold otherwise would necessitate a finding to the effect that the Legislature intended to be more considerate of and liberal toward an employee who becomes affected by silicosis, but not disabled, than of an employee who becomes disabled or dies due to silicosis. Manifestly, this was not the intention of the Legislature.

This opinion has no bearing upon the authority of the Industrial Commission to remove an employee from hazardous employment in the manner provided by G.S. 97-61, but relates only to the question of compensation or rehabilitation benefits provided therein. Obviously, if the claimant herein had been exposed to inhalation of dust of silica or silicates for as much as two years in this State, within ten years prior to his last exposure, he would be eligible for rehabilitation benefits within the purview of the statute.

For the reasons stated, the judgment of the court below is
Reversed.