JOHN H. BURTON AND EARL BURTON, REPRESENTING THE CITIZENS AND TAXPAYERS OF THE CITY OF REIDSVILLE, AND SUCH OTHER TAXPAYERS AS SHALL ASK TO BE MADE PARTIES TO THIS ACTION, PLAINTIFFS; J. W. AMOS, MRS. C. E. WARNER AND CLAUDE S. BURTON, ADDITIONAL PARTIES PLAINTIFF; AND PARTIES WHO HAVE REQUESTED TO BE MADE ADDITIONAL PARTIES PLAINTIFF: MR. AND MRS. J. W. MORICLE; MR. AND MRS. JOHN BUSICK; MR. AND MRS. JAMES WILSON; MRS. BERTHA COLLINS; MR. AND MRS. HERBERT FORD; MR. AND MRS. WALTER CHANEY; MR. AND MRS. W. L. COLEMAN; MR. AND MRS. LEE SOMERS; MR. AND MRS. L. G. STANLEY; MR. AND MRS. LONNIE BROWN; MR. AND MRS. LEWIS GOLDEN; MR. AND MRS. NUMA ROBERTSON; MR. AND MRS. H. P. HALL; MISS ADA BOWES; MR. AND MRS. E. V. BOSWELL; MR. AND MRS. W. D. STANLEY; MR. ROBERT L. STANLEY; MR. T. L. GARDNER; MR. P. M. WARE; MR. AND MRS. HENRY DOSS; MRS. ROBERT CRADDOCK; MR. AND MRS. CLARENCE MOORE; MRS. ANNIE ALLINGTON; MR. AND MRS. HERMAN HAZLIP; MR. MELVIN MORICLE; MR. AND MRS. R. G. FAIRCLOTH AND MRS. A. Z. HOOPER, HEREIN DESIGNATED AS ADVERSE PARTIES PLAINTIFF, v. THE CITY OF REIDSVILLE; GEORGE HUNT, JAMES L. THOMPSON, SR., W. B. PIPKIN, CLYDE COBB AND WILLIAM C. SPRINGS IN THEIR CAPACITY AS MEMBERS OF THE CITY COUNCIL OF THE CITY OF REIDSVILLE AND ALSO IN THEIR CAPACITY AS INDIVIDUALS.

(Filed 22 September, 1954.)

**1. Parties § 1—**

While it is not necessary that all parties plaintiff have the identity of interest required by the common law, it is necessary under the code that the interests of parties plaintiff be consistent. G.S. 1-68, G.S. 1-70.

**2. Parties § 10b—**

Interveners must ordinarily come into the case as it exists, and when they expressly deny all material allegations of the complaint and attempt to assert claims wholly antagonistic to those asserted by original plaintiffs, such interveners, even if properly joined as additional parties, may not be made additional parties plaintiff.

**3. Appeal and Error § 1—**

The Supreme Court will not decide questions on appeal which have not been adjudicated in the court below.

**4. Pleadings § 28—**

A motion for judgment on the pleadings is in effect a challenge to the sufficiency of the pleading, admitting the truth of all its well-pleaded facts and the untruth of movant's own allegations in so far as they are controverted thereby, and the motion should be denied if the pleading challenged is good in any respect or to any extent.

**5. Same: Municipal Corporations § 7a: Public Officers § 9—Complaint held to allege abuse of discretion by city officials.**

This action was instituted to enjoin a municipality from destroying certain apartment buildings belonging to the city and situate on land leased by it. The complaint alleged that the apartments are of solid construction, are not injurious to life, health, or morals, do not constitute a slum condition or a fire hazard, violated no zoning regulations, and that the city council had been offered substantial consideration for the buildings, but had refused to negotiate or consider the sale or any disposition of the property other than its destruction. *Held:* The facts alleged are sufficient predicate for plaintiffs' assertion that the order of the city council to destroy the apartments constituted an arbitrary abuse of discretion, and it was error for the court to sustain the municipality's motion for judgment on the pleadings.

APPEAL by original plaintiffs from *Phillips, J.*, at 7 June, 1954, Civil Term of ROCKINGHAM.

Civil action instituted by taxpayers to enjoin the City of Reidsville from destroying three low-cost apartment buildings belonging to the City, heard below at pre-trial conference and disposed of by judgment on the pleadings.

The buildings are located on Thomas Street. They were erected in 1946 under the auspices of the Federal Public Housing Authority on land leased from the Burton plaintiffs for the purpose of relieving the housing shortage and to provide homes for returning war veterans. The buildings contain eighteen dwelling units. In December, 1949, at the City's request and pursuant to Act of Congress, the United States Government conveyed to the City of Reidsville, without monetary consideration, all right, title and interest in the buildings, and thereafter and until 1954 the City operated the apartments as a rental project and collected and retained the net rents. The original lease made by the Burton land-

owners expired 30 April, 1948. Thereafter the lease was renewed from year to year, with the last renewal expiring 30 April, 1954. Before securing the last yearly extension the City tried but failed to purchase from the Burton plaintiffs the land on which the buildings are situate. Each of the leases contained a provision which permitted removal of the buildings during the term or within a reasonable, or a designated, time after expiration.

The City Council decided to discontinue the rental project and at its meeting held 11 February, 1954, adopted a resolution directing that the tenants be notified to vacate the premises by 1 May, 1954. Following this, the Burton plaintiffs entered negotiations with the City Council looking toward a continuation of the rental project.

By written memorandum dated 7 April, 1954, the Burtons submitted to the City Council a series of proposals by which they offered: (1) to lease the lands on which the buildings are situate to the City for a term of two years upon the same conditions contained in the then current lease, provided the City agree to continue to operate the apartment project during the term; or (2) pay one-half the costs of improving the buildings, provided the City take a lease for an additional term of six years, or longer, and agree to continue the apartment project during the term; or (3) bid a minimum of $7,500 for the purchase of the buildings at public auction and make improvements which would correspond with those made by the City on similar apartments on Wray Street, where the City owned both land and buildings, provided the Burton's not be required to sell the land on which the Thomas Street buildings are situate; or (4) sell at public auction the lands upon which the buildings are situate, provided the City at the same time offer the buildings for sale at public auction and agree upon a reasonable apportionment of the moneys derived from the joint sale, and provided further that the Burtons not be required to bid any specified amount at the sale; or (5) consider any counter offer made by the City.

All the offers were rejected by the City without counter offer, and by resolution adopted 13 April, 1954, the Council ordered that the housing project "be closed" and the buildings "torn down." This order was predicated upon findings of fact made by the City Council and embodied in the resolution to the effect that (1) the housing emergency was over; (2) that there was no longer a housing shortage in the City of Reidsville requiring the use of temporary apartment units; (3) and that the Thomas Street apartments having been "constructed in temporary and substandard manner, will create a slum area in the City and endanger or injure the health, safety and welfare of the citizens of Reidsville."

On 24 April, 1954, the original plaintiffs instituted this action, the allegations of their complaint, as supplemented by later amendments,

being in substance: That the apartment buildings sought to be destroyed by the City are constructed of sound, substantial materials. They are not injurious or dangerous to life, health or morals. They do not constitute a slum condition. They are not a fire hazard. They violate no zoning regulation. The City Council has been offered and is able to receive a substantial consideration for the property but refuses to negotiate or consider the sale or any disposition of the property other than its destruction. It is further alleged that under the existing facts (1) the proposed and intended destruction of the buildings is unlawful and beyond the scope of municipal authority, and (2) that in any event the order of the City Council to destroy the apartments constitutes an arbitrary abuse of discretion.

On 24 April, 1954, Judge Leo Carr, Resident Judge of the Tenth Judicial District, granted a temporary order restraining the demolition of the buildings.

On 19 May, 1954, J. W. Amos, Mrs. C. E. Warren and Claude S. Burton were made additional parties plaintiff by order of the Clerk and by proper pleading came in and adopted the allegations of the complaint of the original plaintiffs.

On 26 May, 1954, the defendants filed answer admitting that the buildings had been ordered torn down, denying that the action of the City Council was an abuse of legislative authority or discretion, and alleging in substance the facts found by the City Council in support of its resolution of 13 April, 1954, ordering the destruction of the buildings.

On 7 June, 1954, by *ex parte* order of the Clerk, J. W. Moricle and 44 others were joined as additional parties plaintiff and designated as "adverse parties plaintiff." These parties filed answer denying the material allegations of the complaint, admitting the allegations of the defendants' answer, and further alleging, among other things, that they, the adverse parties plaintiff, are the owners of real estate located in the same vicinity as the apartment buildings and that if the buildings are not torn down a slum area will be created which will be detrimental to the general health, safety and welfare of the citizens of Reidsville at large and more particularly of those persons residing in the immediate community.

The original plaintiffs moved the court (1) that the names of the adverse parties plaintiff be stricken from the title of the cause and that their pleading be removed from the file; or (2) that if the court be of the opinion these parties are proper parties to the action, then and in that event that the court order them joined as additional parties defendant.

The motion was heard and denied *in toto* by Judge Phillips on 9 June, 1954. Also, on that day the case was disposed of after pre-trial conference by the entry of judgment on the pleadings dissolving the restraining order and dismissing the action.

From the order so entered the plaintiffs appealed. The appeal entries direct that the restraining order be continued in effect pending the appeal.

*Julius J. Gwyn for plaintiffs, appellants.*
*Jule McMichael and Claude S. Scurry for defendants, appellees.*
*Sharp & Robinson for adverse parties plaintiff, appellees.*

JOHNSON, J. In order to justify joinder of parties plaintiff the interests of the plaintiffs must be consistent. True, the unity or identity of interest required at common law is not necessary under the Code (G.S. 1-68, 1-70; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750), but two or more plaintiffs representing opposing interests with reference to the main purpose of the action may not be joined. *Osborne v. Canton,* 219 N.C. 139, 13 S.E. 2d 265; McIntosh, N. C. Practice and Procedure, Sec. 228, p. 212; 39 Am. Jur., Parties, Sec. 29, p. 892; *Hallett v. Moore,* 282 Mass. 380, 185 N.E. 474, 91 A.L.R. 572. Moreover, an intervener as a party plaintiff in a taxpayer's action ordinarily must come into the case as it exists and conform to the pleadings as he finds them. See 39 Am. Jur., Parties, Sec. 79.

The plaintiff J. W. Moricle and those similarly situated have come into the case, and by their pleading have expressly denied all material allegations of the complaint and attempted to assert claims wholly antagonistic to those alleged by the original plaintiffs. Manifestly, the court below erred in permitting these adverse parties to remain in the action as plaintiffs. The question whether they may be joined as defendants not having been ruled on below is not presented for review. This Court will not decide questions on appeal which have not been adjudicated in the court below. *Bank v. Caudle,* 239 N.C. 270, 79 S.E. 2d 723; *Perry v. Doub,* 238 N.C. 233, 77 S.E. 2d 711.

Next we come to the question whether the court below erred in allowing the defendants' motion for judgment on the pleadings. These principles of law come into focus:

A motion for judgment on the pleadings is in effect a demurrer to the challenged pleading and admits the truth of all well-pleaded facts in the pleading and the untruth of the movant's own allegations in so far as they are controverted by the pleading of the adversary. *McGee v. Ledford,* 238 N.C. 269, 77 S.E. 2d 638; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. See also *Dobias v. White,* 239 N.C. 409, 80 S.E. 2d 23. Moreover, if good in any respect or to any extent, a plea will not be overthrown by motion for judgment on the pleadings. *Erickson v. Starling, supra.* See also *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Perry v. Doub, supra.*

The complaint, when liberally construed in favor of the pleader, as is the rule on demurrer or motion for judgment on the pleadings, is sufficient to allege abuse of discretion on the part of the governing board of the City of Reidsville in ordering the destruction of the apartment buildings. This suffices to overthrow the motion for judgment on the pleadings and entitles the plaintiffs to be heard on the questions of fact raised by the pleadings. See *In re Housing Authority,* 235 N.C. 463, 70 S.E. 2d 500. The judgment was erroneously entered and will be set aside. It is so ordered.

Error.