BRAGG INVESTMENT COMPANY, INC., v. CUMBERLAND COUNTY AND
R. E. NIMOCKS, TREASURER OF CUMBERLAND COUNTY.

(Filed 1 February, 1957.)

**1. Taxation § 19½—**

Fixtures and improvements placed upon lands in a military reservation leased from the Federal Government, as well as the value of the leasehold estate, are subject to taxation in this State, Congress having waived any immunity of such property from taxation. 10 U.S.C.A. 1270d.

**2. Taxation § 19—**

All property privately owned within this State is subject to taxation unless exempt by strict construction of pertinent statute.

**3. Taxation §§ 26, 26½—**

Structures and improvements, together with stoves and refrigerators placed by lessee on lands within a military reservation leased from the Federal Government, are subject to taxation by the county in which the property is situate, the improvements as realty, and the stoves and refrigerators as tangible personal property. G.S. 105-306(7), G.S. 105-306 (24), G.S. 105-272(30), G.S. 105-279(1).

**4. Landlord and Tenant § 1—**

A lease is a chattel real, and as such is a species of intangible personal property.

**5. Taxation § 26—**

The value of a leasehold estate is subject to *ad valorem* tax and not to the State intangible tax.

JOHNSON, J., not sitting.

APPEAL by plaintiff from a judgment rendered by *Nimocks, J.,* 3 April 1956 pursuant to a stipulation entered into November 1955 Term of CUMBERLAND.

Plaintiff seeks to recover the sum of $24,882.23 taxes and interest paid under protest.

On 19 April 1950 the Secretary of the Army leased to plaintiff approximity 120 acres in Cumberland County, a part of Fort Bragg, a military reservation of the United States. The lease was made under the authority vested in the Secretary by the Act of Congress of 5 August 1947 (10 U.S.C.A. 1270-1270d). The lease was made to effectuate the purposes of Title VIII of the National Housing Act (12 U.S.C.A. 1748), by constructing on the land demised approximately 500 housing units. The lease provides for a term of 75 years at an annual rental of $359.01. Acting under the lease, plaintiff, a North Carolina Corporation proceeded to erect the housing units. It installed in each of the units an electric stove and refrigerator. Under the terms of the lease, military and civilian personnel of the Army, Navy, Marine Corps, and Air Force are to have priority in the right to rent and occupy the units. Provisions are made to protect occupants of the unit from exorbitant rents.

The provisions of the lease deemed pertinent to this inquiry follow:

"5. That the Lessee shall neither transfer nor assign this lease without the prior written approval of the said District Engineer. This provision shall not apply to the leasing of the individual units to tenants or to the placing of Deeds of Trust, mortgages or similar liens on the leased premises or to voluntary or involuntary transfers in pursuance of such security instruments or to any transfer in pursuance of, or subsequent to, any transfer of the property under the contract or mortgage insurance."

"8. That the Lessee shall pay to the proper authority, when and as the same become due and payable, all taxes, assessments, and similar charges which, at any time during the term of this Lease, may be taxed, assessed or imposed upon the Government or upon the Lessee with respect to or upon the leased property. In the event any taxes, assessments or similar charges are imposed with the consent of the Congress of the United States upon the property owned by the Government and included in this Lease (as opposed to the leasehold interest of the Lessee therein), this Lease shall be renegotiated so as to accomplish an equitable reduction in the rental provided above, which shall not be greater than the difference between the amount of such taxes, assessments or similar charges and the amount of any taxes, assessments or similar charges which were imposed upon such Lessee with respect to his lease-hold interest in the Leased Property prior to the granting of such consent by the Congress of the United States . . ."

"11. That title to all improvements constructed upon the leased premises by the Lessee, in accordance with the terms of this Lease, shall during the term of this lease remain in the Lessee. Upon the expiration

of this Lease, or earlier termination, unless the lessee shall elect to remove the improvements and restore the premises, all improvements made upon the leased premises shall become the property of the Government without compensation."

Cumberland County notified plaintiff that it would assess the property owned by plaintiff. Pursuant to the notice Cumberland County assessed plaintiff's property at $1,436,950 of which $62,270 was assessed as the value of the stoves and refrigerators, $1,373,484 was assessed as the value of the buildings erected by plaintiff, and $1,196 was assessed as the value of the leasehold interest in the lands. A tax for the year 1952 was assessed based on those values. Plaintiff protested the assessment, asserting that the State and its subdivisions were without authority to tax as Fort Bragg was held pursuant to provisions of G.S. 104-7 and the provisions of the Constitution of the United States, Art. I, sec. 8, cl. 17, and for the further reason that the State had not authorized Cumberland County to tax. The protest was overruled and plaintiff, on 28 September 1954, made payment. On 14 October 1954 it made an appropriate demand for refund. The county refused to refund any part of the amount paid whereupon plaintiff brought suit to recover. The cause was heard by Judge Nimocks at the November 1955 Term of Cumberland. Pursuant to a stipulation that he might render judgment out of term, he decided the controversy in April 1956 and entered judgment in favor of defendants. Plaintiff appealed.

*Poyner, Geraghty & Hartsfield, Taylor, Allen & Warren, and Hoyle & Hoyle for plaintiff appellant.*

*James MacRae, Lester G. Carter, Jr., and Robert H. Dye for defendant appellees.*

RODMAN, J. Congress waived the immunity from taxation which plaintiff might otherwise have claimed by the enactment of 10 U.S.C.A 1270d. Any doubt with respect to the application of that statute to the facts of this case has been removed by the decision in *Offutt Housing Co. v. Sarpy County,* 351 U.S. 253, 100 L. Ed. 1151, 76 S. Ct. 814. The decision in that case was rendered since this litigation began. Appellant concedes its applicability.

The only question left for decision is: Has the State authorized Cumberland County to impose the tax? Appellant contends that the answer should be in the negative because it is a mere tenant and our statutes do not authorize the taxing of a leasehold estate. The answer to the question must, of course, be found by an examination of our statutes.

"All property, real and personal, within the jurisdiction of the State, not especially exempted, shall be subject to taxation." G.S. 105-281.

It is traditional with us that property privately owned, either by individuals or corporations, shall, except when devoted to a public purpose, bear its proportionate part of the tax imposed for public benefit. *Hospital v. Guilford County,* 218 N.C. 673, 12 S.E. 2d 265; *Odd Fellows v. Swain,* 217 N.C. 632, 9 S.E. 2d 365; *Latta v. Jenkins,* 200 N.C. 255, 156 S.E. 857; *Southern Assembly v. Palmer,* 166 N.C. 75, 82 S.E. 18.

Exemptions from taxation are not presumed and statutes providing exemption are strictly construed. *Henderson v. Gill,* 229 N.C. 313, 49 S.E. 2d 754; *Harrison v. Guilford County,* 218 N.C. 718, 12 S.E. 2d 269; *Rich v. Doughton,* 192 N.C. 604, 135 S.E. 527.

Private owners of property are required to make and file a list showing the property they own. When listing real property, the improvements thereon must be shown, and if these improvements or other separate rights are owned by someone other than the owner of the fee, that fact, with a description of the improvements or rights so owned, must be shown. G.S. 105-306(6). This provision requiring the owner of the land to disclose the owner of the improvements is followed by a provision requiring the owner of the improvements to list the same unless with statutory permission they are listed by the owner of the land. G.S. 105-306(7). Following these provisions is an enumeration of various properties required to be listed and then an all-embracing clause: "The value and description of all other property whatever, not specifically exempted by law." G.S. 105-306(24).

Real property required to be listed includes buildings, and permanent fixtures. G.S. 105-272(30). Personal property required to be listed is defined as "all personal property whatsoever, tangible or intangible, except personal property expressly exempted by law." G.S. 105-279(1).

G.S. 105-301(8) provides the statutory permission referred to in G.S. 105-306(7) for listing the fee ownership and improvements as a unit when the separate owners so contract. If they do not so agree, then each must list his own property. That is the express provision of the statute.

Statutory provision is made for the listing of property for taxation when it passes after 1 January (the date for listing) prior to 1 July (the beginning of the tax year) from the hands of a nontaxable owner to an owner who is not tax exempt. G.S. 105-280.

It is, we think, clear from our statutes that the property is subject to tax. The stoves and refrigerators are tangible personal property and as such subject to taxation. The structures and improvements are subject to taxation as real property. This leaves for consideration the leasehold rights valued for tax purposes at $1,196. A lease is, as appellant asserts, a chattel real, *Moche v. Leno,* 227 N.C. 159, 41 S.E. 2d 369,

and as such a species of intangible personal property. But that does not mean that it can escape taxation. It is, we think, subject to *ad valorem* tax and not to the State intangible tax. We do not understand that the right to so classify it is questioned.

The conclusions which we reach with respect to the validity of the tax based on our statutes conforms with the general pattern of taxation in other States. *Conley Housing Corp. v. Coleman,* 89 S.E. 2d 482; *Meade Heights v. State Tax Commission,* 95 A. 2d 280; *Fort Dix Apartments Corp. v. Borough of Wrightstown,* 225 F. 2d 473; Landlord & Tenant, 32 Am. Jur. 268.

By the express provisions of the lease quoted above plaintiff has obligated itself to pay the taxes assessed. The lease conforms with the provisions of G.S. 105-306(7) and 105-301(8). The judgment appealed from is

Affirmed.

JOHNSON, J., not sitting.