W. E. SALE, W. FRANK SALE, AND FRED A. SALE, TRADING AND DOING BUSINESS AS W. E. SALE AND SONS, RONDA, N. C. v. W. A. JOHNSON, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 27 February 1963.)

**1. Statutes § 5—**

G.S. 105-164.13(37) which, in providing exemptions from sales and use tax, uses the word "or" between its specifications of wrapping paper, containers, and like articles exempt from the tax and its limitation on exemptions "when such articles constitute a part of the sale of tangible personal property and are delivered with it to the purchaser" is ambiguous and therefore subject to judicial construction, since the word "or" is popularly used in the sense of "and" and may be so construed when necessary to give effect to the Legislative intent.

**2. Same—**

Where a statute is ambiguous its legislative history may be considered in connection with the object, purpose, and language of the statute in order to arrive at its true meaning.

SALE *v.* JOHNSON, COMMISSIONER OF REVENUE.

**3. Taxation § 19—**

The power to tax and to exempt from taxation is an essential attribute of sovereignty, and as a general rule exemption from taxation is never presumed and statutes providing exemptions are to be strictly construed.

**4. Taxation § 23—**

Regulations of the Commissioner of Revenue interpreting a tax statute will be held *prima facie* correct, and although not controlling on the courts, will be given due and careful consideration.

**5. Taxation § 29—**

G.S. 105-164.13(37) which, in providing exemptions from sales and use tax, specifies wrapping paper, containers, coops, etc., when used for packaging or delivering tangible personal property "or" when such articles constitute a part of the sale and are delivered to the customer, *is held* to exempt the enumerated articles from taxation only when such articles constitute a part of the sale and are delivered to the customer, the word "or" being construed "and" to effect Legislative intent as ascertained from a consideration of the history of the enactment, the presumption against exemption from taxation, the rule of strict construction of statutory exemptions, and the administrative regulations of the Department of Revenue.

**6. Pleadings § 30—**

Plaintiffs' motion for judgment on the pleadings is in effect a demurrer to the answer and admits for the purpose of the motion the truth of all facts well pleaded in the answer and the untruth of plaintiffs' allegations so far as they are controverted in the answer.

**7. Same—**

On plaintiffs' motion for judgment on the pleadings, defendant's answer will be liberally construed and the motion denied if the facts alleged in the answer constitute a defense or if the answer is good in any respect or to any extent. G.S. 1-151.

**8. Same—**

In passing upon plaintiffs' motion for judgment on the pleadings, an exhibit attached to the answer and made a part thereof is to be considered.

**9. Same—**

Plaintiffs' motion for judgment on the pleadings must be denied if plaintiff's would fail in their action even though they prove every allegation of their complaint, but the court will not dismiss the action *ex mero motu* when it cannot be determined whether plaintiffs by amendment can state facts sufficient to constitute a cause of action.

APPEAL by defendant from *Crissman, J.,* June 1962 Civil Term of WILKES, docketed and argued as Case No. 378 at Fall Term 1962.

Civil action, by virtue of G.S. 105-267, against the State Commissioner of Revenue to recover sales tax paid under protest.

SALE v. JOHNSON, COMMISSIONER OF REVENUE.

From a judgment on the pleadings that plaintiffs recover $4,487.73, with interest from 15 December 1961, and for the costs, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Peyton B. Abbott for the State.*
*Allen, Henderson & Williams by Hoke F. Henderson for plaintiff appellees.*

PARKER, J.   Defendant assigns as error the judgment on the pleadings entered upon plaintiffs' motion.

The complaint alleges, and the answer admits, the following: All procedural requirements of G.S. 105-267 have been met by plaintiffs to maintain this action for a refund of North Carolina sales tax paid by plaintiffs under protest to defendant State Commissioner of Revenue for the period 1 August 1958 to 1 July 1961. Plaintiffs, doing business under the name of W. E. Sale and Sons, own and operate a manufacturing business at Ronda in Wilkes County, which is principally engaged in the manufacture of chicken and turkey coops.

Paragraph five of the complaint alleges that "plaintiffs sell their coops to farmers, poultrymen, and persons, firms, and corporations engaged in the poultry business, and such coops are used for packaging, shipment, and delivery of tangible personal property which is sold either at wholesale or retail, or such coops are delivered with the chickens or turkeys to the customer, and therefore are exempt from the retail sales and use tax under the provisions of G.S. 105-164.13, subsection 37."

Paragraph five of the answer, replying to paragraph five of the complaint, says:

> "It is admitted that the plaintiffs sell their coops to farmers, poultrymen and persons, firms and corporations engaged in the poultry business, and that such coops are used by such customers in the delivery of live poultry, which is sold by such customers at either wholesale or retail. Except as herein admitted, the allegations of paragraph 5 of the complaint are denied except as further admitted and set out in the minutes of the hearing held before the defendant Commissioner of Revenue on September 28, 1961, a copy of which minutes is attached hereto and marked EXHIBIT 'A' and asked to be taken as a part of this answer."

The relevant part of the minutes of the hearing held before the defendant State Commissioner of Revenue on 28 September 1961, a

SALE v. JOHNSON, COMMISSIONER OF REVENUE.

copy of which minutes is attached to the answer and made a part thereof, reads:

"* * *The sales of coops on which tax was assessed were identified as sales made to poultry processors who use the coops to haul chickens from their source of supply to their processing plants; sales to producers and farmers for use in hauling their chickens to the market; and sales to poultry dealers who use the coops to haul chickens and turkeys which are grown for them under contract with farmers and producers. The taxpayers contend that their sales of coops as described above are exempt from retail sales and/or use tax under provisions of G.S. 105-164.13(37) of the Sales and Use Tax Law as revised in 1959. The taxpayers maintain that those sales of coops come within the purview of the exemption since the purchasers use the coops to deliver the chickens and turkeys which are ultimately sold, notwithstanding some of the sales occur only after the chickens and turkeys are processed.

"DECISION:

"The Commissioner has considered the taxpayers' contention with respect to the sales of coops to poultry processors, producers and farmers, and dealers associated with contract growers. The Commissioner does not agree that the coops purchased and used as a means of transporting the users' chickens and turkeys come within the purview of the exemption provided by G.S. 105-164. 13(37) of the 1959 Statute. It is the decision of the Commissioner that the tax on the amended audit has been properly assessed, and it is therefore directed that the amount of the amended assessment be sustained. It is further directed that the statutory penalty be abated."

Paragraph six of the complaint alleges, and the answer admits, that on 15 December 1961 plaintiffs paid under protest to defendant State Commissioner of Revenue the sum of $4,487.73 in sales tax assessed against them for the period from 1 August 1958 to 1 July 1961. This paragraph of the complaint avers that this assessment of tax was contrary to the provisions of G.S. 105-164.13, subsection 37.

Defendant denies this conclusion of law in the corresponding paragraph of the answer.

The General Assembly at its 1957 Session completely revised the North Carolina Sales and Use Tax Act. Session Laws 1957, chapter 1340, Article 5. This article became effective 1 July 1957, and is

codified as General Statutes, chapter 105,, Article 5, sections 105-164.1 *et seq.* Division III of this article is entitled EXEMPTIONS AND EXCLUSIONS. G.S. 105-164.13 under this article reads: "The sale at retail, the use, storage or consumption in this State of the following tangible personal property is specifically exempted from the tax imposed by this article:" Thirty-eight subdivisions of tangible personal property are set forth as specifically exempt. Subdivision 37, which is relevant at all times here, reads as follows:

> "Sales of wrapping paper, labels, wrapping twine, paper, cloth, plastic bags, cartons, packages and containers, cores, cones or spools, wooden boxes, baskets, coops and barrels, including paper cups, napkins and drinking straws and like articles sold to manufacturers, producers and retailers, when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail or when such articles constitute a part of the sale of such tangible personal property and are delivered with it to the customer."

Plaintiffs make these contentions in their brief:

> "* * *that portion of subsection (37) which reads: 'when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail,' is the controlling portion of the statute which exempts the sale of coops from the sales and use tax imposed by Chapter 105 of the Statute. The defendant, on the other hand, undertakes to eliminate this and to place all the emphasis upon the closing words of subsection (37), which reads: 'when such articles constitute a part of the sale of such tangible personal property and are delivered with it to the customer.' These two provisions in subsection (37) of the Statute are connected with the word 'or'; therefore, it is plaintiffs' contention that the sales of coops which comply with the requirements of EITHER OF THESE PROVISIONS ARE EXEMPT from the sales and use tax under this statute.

> "The plaintiffs contend that the approved and general practice in the trade is to transport live poultry in coops; therefore, coops are used for packaging, shipment, or delivery of tangible personal property within the purview of the exclusion of subsection (37) of the Statute.

> "The applicable statute is clear in its provision for the exclusion of items set forth therein from the sales and use tax and

shows that the Legislature clearly had in mind the exclusion of coops;* * *"

Defendant's contention is to the effect that G.S. 105-164.13(37) exempts from the sales tax the articles of tangible personal property therein enumerated, when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail, and when such materials attach to and constitute a part of the sale of such tangible personal property and are delivered with it to the customer.

In our opinion, the language of G.S. 105-164.13 (37) is not plain and clear, but ambiguous. The difficulty of its construction arises from the terms that sales of the materials specified therein are exempt from the sales tax "when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail or when such articles constitute a part of the sale of such tangible personal property and are delivered with it to the customer."

Consequently, the duty devolves upon us to construe this subsection of the statute in order to ascertain and declare the meaning and intention of the Legislature, and to carry such meaning and intention into effect. *Midkiff v. Granite Corp.,* 235 N.C. 149, 69 S.E. 2d 166; *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797; *Whitford v. Insurance Co.,* 163 N.C. 223, 79 S.E. 501, Ann. Cas. 1915B 270; 50 Am. Jur., Statutes, sec. 223. This Court said in *Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505: "The legislative intent is the essence of the law and the guiding star in the interpretation therof."

"And where the meaning of a statute is doubtful, the history of legislation on the general subject dealt with, including statutory changes over a period of years, may be considered in connection with the object, purpose, and language of the statute, in order to arrive at its true meaning." *Cab Co. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433.

On 10 November 1956 the Commission for the Study of the Revenue Structure of the State made its report to the then Governor of the State of North Carolina. On page 44 of this Report is set forth recommended changes in the sales and use taxes. Its second recommendation is that "the present levies on the retail sale and/or use, storage or consumption of tangible personal property now subject to the retail sales and/or use tax be retained in the main. There is, however, included in the proposed recodification some recommended changes as follows:* * *(c) Certain transactions or kinds of tangible personal property now exempt by administrative interpretation which in the

opinion of the Commission should continue to be exempt are specifically set forth in the exemption section." The exemption section beginning on page 50 of this Report is entitled ITEMS NOW EXEMPT BY ADMINISTRATIVE PRACTICE WHICH ARE SPECIFICALLY EXEMPTED IN THE PROPOSED NEW LAW. Ten items are listed. Item 9 on page 52 reads:

"(9)   Sales of wrapping paper, labels, wrapping twine, paper, cloth, plastic bags, cartons, packages and containers, cores, cones, or spools, wooden boxes, baskets, coops and barrels, including paper cups, napkins and drinking straws, and like articles sold to manufacturers, producers and retailers, when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail or when such articles constitute a part of the sale of such tangible personal property and are delivered with it to the customer.

"Present Law:

These articles are exempt in part by regulation and in part by administrative practice.

"Problem:

These articles are essential in packaging, shipment and delivery of tangible personal property which is sold at wholesale or retail and have been included in the statutory exemptions to conform to present practice and also to specifically exclude from tax liability these materials which are an essential part of every sale."

G.S. 105-164.13 (37) is a verbatim enactment into law by the General Assembly of this Item 9.

The power to exempt from taxation, as well as the power to tax, is an essential attribute of sovereignty. *Atlantic Coast Line R. Co. v. Phillips*, 332 U.S. 168, 91 L. Ed. 1977, 173 A.L.R. 1. Since "taxation is the rule; exemption the exception" (*Odd Fellows v. Swain*, 217 N.C. 632, 9 S.E. 2d 365), the general rule is that a grant of exemption from taxation is never presumed, and statutes providing exemption from taxation are strictly construed. *Investment Co. v. Cumberland County*, 245 N.C. 492, 96 S.E. 2d 341; *Henderson v. Gill, Comr. of Revenue*, 229 N.C. 313, 49 S.E. 2d 754; *Harrison v. Guilford County*, 218 N.C. 718, 12 S.E. 2d 269; *Rich v. Doughton*, 192 N.C. 604, 135 S.E. 527; 84 C.J.S., Taxation, sec. 225.

In 50 Am. Jur., Statutes, sec. 282, it is said:

"The popular use of 'or' and 'and' is so loose, and so frequently inaccurate, that it has infected statutory enactments. For this

reason, their strict meaning is more readily departed from than that of other words. In this respect, it is clear that the courts have power to change and will change 'and' to 'or' and vice versa, whenever such conversion is required by the context, or is necessary to harmonize the provisions of a statute and give effect to all its provisions, or to save it from unconstitutionality, *or, in general, to effectuate the obvious intention of the legislature."* (Emphasis added.)

To the same effect, see 82 C.J.S., Statutes, sec. 335.

In *Union Ins. Co. v. United States,* 6 Wall. 759, 18 L. Ed. 879, the Court said:

"The difficulty of construction arises from the terms in which jurisdiction is granted 'to any district or circuit court having jurisdiction of the amount, or in admiralty, in any district where the property is found.' It is said that the use of the disjunctive 'or' restricts the jurisdiction in admiralty to the district courts. And this view is certainly not without some warrant in the phraseology of the act. But when we look beyond the mere words to the obvious intent we cannot help seeing that the word 'or' must be taken conjunctively; and that the sense of the law is that both the circuit and the district courts shall have jurisdiction 'according to the amount' and 'in admiralty.' "

Pursuant to the authority vested in the Commissioner of Revenue by G.S. 105-262 and G.S. 105-264 (*In re Vanderbilt University,* 252 N.C. 743, 114 S.E. 2d 655), on 1 May 1958 the Department of Revenue filed in the office of the Honorable Thad Eure, Secretary of State of North Carolina, a true copy of the revised sales and use tax regulations, approved by the Tax Review Board, the original of which is now on file and a matter of record in his office. Rule 15, entitled CONTAINERS, WRAPPING AND PACKING MATERIALS AND RELATED PRODUCTS, reads as follows:

"(a) Items of tangible personal property which attach to, contain or otherwise become a part of a sale of tangible personal property, and for which there is no separate charge, are not subject to the retail Sales or Use Tax but are subject to the wholesale rate of tax. Such items include containers for products sold, wrapping paper, shipping or mailing labels, wrapping twine and similar items which actually accompany delivery of the tangible personal property sold.

"(b) Sales of tangible personal property to a person who uses such property in rendering services in the conduct of his business are subject to the Sales or Use Tax.

"(As Revised)"

This Rule 15 was in effect at all times relevant here.

"Ordinarily, the interpretation given to the provisions of our tax statutes by the Commissioner of Revenue will be held to be *prima facie* correct and such interpretation will be given due and careful consideration by this Court, though such interpretation is not controlling. Moreover, this Court will not follow an administrative interpretation which, in its opinion, is in conflict with the clear intent and purpose of the statute under consideration. [Citing authority.]" *In re Vanderbilt University, supra.*

Considering the language of G.S. 105-164.13 (37) and the history of its enactment by the Legislature, and further considering the general rule that a grant of exemption from taxation is never presumed, and statutes providing exemption from taxation are strictly construed, and in addition considering the regulations of the Department of Revenue, approved by the Tax Review Board, in respect to this subsection of the statute exempting certain tangible personal property therein enumerated from the sales tax, and looking beyond the mere words to the obvious intent of the Legislature, it is our opinion, and we so hold, that the word "or" must be taken conjunctively and construed as "and," and that the manifest legislative intent of G.S. 105-164.13 (37) is that the materials therein enumerated shall only be exempt from the sales tax "when such materials are used for packaging, shipment or delivery of tangible personal property which is sold either at wholesale or retail and when such articles constitute a part of the sale of such tangible personal property and are delivered with it to the customer."

Plaintiffs' motion for a judgment on the pleadings is in effect, or in the nature of, a demurrer to the answer, and admits for the purpose of their motion: One, the truth of all well-pleaded facts in the answer, and, two, the untruth of plaintiffs' own allegations insofar as they are controverted in the answer. *Hill v. Parker*, 248 N.C. 662, 104 S.E. 2d 848; *Burton v. Reidsville*, 240 N.C. 577, 83 S.E. 2d 651; *McGee v. Ledford*, 238 N.C. 269, 77 S.E. 2d 638; *Raleigh v. Fisher*, 232 N.C. 629, 61 S.E. 2d 897; *Oldham v. Ross*, 214 N.C. 696, 200 S.E. 393.

The answer of the appealing defendant must be construed liberally, which means that every reasonable intendment must be taken in favor of him, and if the answer contains well-pleaded facts sufficient to constitute a defense, or if it is good in any respect or to any extent, it

will not be overthrown by a motion for judgment on the pleadings. G.S. 1-151; *Hill v. Parker, supra; Burton v. Reidsville, supra; Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Bessire and Co. v. Ward,* 206 N.C. 858, 175 S.E. 208; *Pridgen v. Pridgen,* 190 N.C. 102, 129 S.E. 419.

Exhibit "A" attached to the answer, and made a part thereof, may be considered in passing upon a judgment on the pleadings. 71 C.J.S., Pleading, sec. 257; 41 Am. Jur., Pleading, sec. 246. See also *Coach Lines v. Brotherhood,* 254 N.C. 60, 118 S.E. 2d 37; *Moore v. W.O.O.W., Inc.,* 253 N.C. 1, 116 S.E. 2d 186.

Plaintiffs allege that they "sell their coops to farmers, poultrymen, and persons, firms, and corporations engaged in the poultry business, and such coops are used for packaging, shipment, and delivery of tangible personal property which is sold either at wholesale or retail, or such coops are delivered with the chickens or turkeys to the customer." Defendant admits "that the plaintiffs sell their coops to farmers, poultrymen and persons, firms and corporations engaged in the poultry business, and that such coops are used by such customers in the delivery of live poultry, which is sold by such customers at either wholesale or retail." Such allegations in the complaint and admissions in the answer are not sufficient to exempt plaintiffs' sales of coops from the sales tax within the purview and intent of G.S. 105-164.13 (37). There is no allegation in the complaint to the effect that when plaintiffs' vendees sold poultry the coops constituted a part of the sale of such poultry and were delivered with the poultry to the customer. It is obvious that the lower court committed reversible error in entering a judgment on the pleadings for plaintiffs on their motion.

We are concerned here with pleadings alone. If plaintiffs prove everything they allege in their present complaint, they must eventually fail in their action. Why then should we not *ex mero motu* dismiss the action? *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910. The answer is that not knowing the facts we cannot determine with certitude whether or not plaintiffs by amendment can state facts sufficient to constitute a cause of action.

For the reasons stated above, the judgment on the pleadings is set aside, and the case is remanded to the lower court for further proceedings according to law.

Error.