JOSEPH E. OWENS AND WIFE v. J. W. MUNDEN.

(Filed 17 February, 1915.)

**Register of Deeds—Marriage License—Persons Under 18—Written Consent —Stepfather.**

Revisal, sec. 2088, requiring the register of deeds, before issuing a license for the marriage of a person under 18 years of age, to obtain the written consent of the father or mother, etc., construed to be in the order named (*Littleton v. Haar*, 158 N. C., 566), does not include within its terms the stepfather of the applicant; and where the father is dead, the written consent of the mother meets the statutory requirement.

APPEAL by plaintiff from *Carter, J.,* at September Term, 1914, of PASQUOTANK.

Action against a register of deeds to recover the penalty for issuing a license for the marriage of a girl under 18 years of age without the written consent required by the statute.

The plaintiff is the stepfather of Julia Irene Jones, formerly Julia Irene Barber, the plaintiff having married her mother in 1903. From the time of said marriage until her own marriage to Jones, with the exception of two very short intervals, Julia Irene lived with the plaintiff and her mother as a member of the family, the plaintiff feeding her, clothing her, and treating her as if she were his own child. Julia Irene was married to Claude Jones in 1913, when only 16 years of age. The license for this marriage was issued by the defendant. It was admitted that prior to the issuance of such license the defendant had been, in writing, notified by plaintiff that said Julia Irene was only 16 years old and forbidden to issue a license for her marriage. It was further admitted that at the time of issuing said license defendant had in his possession the written consent to such marriage of Julia Irene's mother, plaintiff's wife, who also resided with plaintiff. The usual issues were submitted. The judge charged the jury peremptorily to answer the first issue "No" and the second issue "Nothing." Plaintiff excepted and appealed.

*P. W. McMullan for plaintiff.*
*Ward & Thompson and J. Kenyon Wilson for defendant.*

ALLEN, J. The Revisal, sec. 2088, provides that where either party to a proposed marriage is under 18 years of age and resides with the father, or mother, or uncle, or aunt, or brother, or elder sister, . . . the register of deeds shall not issue a license for such marriage until the consent in writing of the relation with whom such infant resides, or, if he or she resides at a school, of the person by whom the minor was placed at school, "and under whose custody or control he or she is," shall be

delivered to him, and the written consent shall be filed and preserved by the register; and it was held in *Littleton v. Haar,* 158 N. C., 566, that the consent of the persons named in the statute, and in the order named, should be obtained, the effect of the decision being that if the child is living with father and mother, the written consent of the father is necessary, and if with the mother, the father being dead, that her consent is sufficient.

If so, the only question presented by the appeal is whether the word "father" includes the stepfather within the meaning of the statute, and gives the stepfather the right to dispose of the daughter in marriage to the exclusion of the mother.

The two words, "father" and "stepfather," are in general use and well understood, and the difference in the relationship of the two to the child, and the marked distinction between their duties and liabilities, are well known.

If, therefore, we should hold that the stepfather has a prior right to the mother, we would have to insert in the statute a word not used by the General Assembly and having a meaning different from any word in the statute.

A stepfather is defined to be "The husband of one's mother who is not one's father" (31 Cyc., 1275, 26 A. and E. Enc. L., 784, Rapalje and Lawrence L. Dictionary), and this was approved in *Thornberry v. Am. Straw Co.,* 141 Ind., 443, where the Court, after quoting the definition, says, in construing a statute giving a right of action to the father if living, and if not, to the mother: "The word 'father,' therefore, does not mean stepfather, nor does the word 'child' mean stepchild, even when the same is used in wills, where the rules of construction are not so strict as those governing the statute in controversy."

In *Hennesy v. Brewing Co.,* 145 Mo., 105, the same question was decided, the Court denying the right of action in the stepfather for the wrongful death of his stepson under a statute conferring the right of action on the father and mother.

We are therefore of opinion that the word "father" used in the statute does not include stepfather, and that the written consent of the mother, the father being dead, authorized the issuing of the license.

No error.