J. T. INGRAM, EXECUTOR OF THE ESTATE OF EDITH K. MINISH v. W. A. JOHNSON, STATE COMMISSIONER OF REVENUE.

(Filed 19 December 1963.)

**1. Taxation § 23—**

Where the language of a taxing statute is plain and unambiguous, the courts must give its language its obvious meaning; but when the language leaves reasonable doubt, the courts will give it the meaning intended by the legislature as ascertained with reference to the particular factual situation, the legislative history, judicial interpretation of prior statutes dealing with the situation, and the changes, if any, made following a particular interpretation.

**2. Taxation § 27—**

Step grandchildren of testatrix who are the daughters of testatrix' stepchildren who predeceased testatrix, fall within Class A as defined by G.S. 105-4, and not class C as defined by G.S. 105-6, for the purpose of determining the rate of tax to be paid on properties bequeathed them.

APPEAL by plaintiff from *Campbell, J.,* March 25, 1963 Civil Session of CALDWELL.

Plaintiff seeks to recover the sum of $2,428.76 assessed as inheritance taxes owing in addition to the sum reported and paid by plaintiff. The sum assessed was paid under protest.

Plaintiff, as the basis for his demand, alleges these facts. Edith K. Minish, a resident of Caldwell County, died testate in October 1961. The pertinent part of her will reads: "All the rest and residue of my property, which I may die seized and possessed of, which includes all moneys, stocks and bonds of every kind and nature, I give to my step grandchildren, Mrs. Betty Sutton Nelson, Mrs. Nancy Sutton Young, Mrs. Ann Ingram Whisnant and Miss Sarah Ingram, they to share and share alike in the same." Mrs. Nelson and Mrs. Young are children of Maude Minish Sutton, a stepdaughter of testatrix. Mrs. Whisnant

and Miss Ingram are children of Pearl Minish Ingram, a stepdaughter of testatrix. Mrs. Sutton and Mrs. Ingram, stepchildren of Mrs. Minish, died prior to October 1961. Plaintiff, executor, filed his inheritance tax return and paid $338.24, the proper amount on the properties received by the named legatees if they are class A beneficiaries as plaintiff contends.

Defendant, by answer, admitted the facts alleged but asserted the facts stated placed the named legatees in class C. Hence the assessment was properly made.

Defendant moved for judgment on the pleadings. The motion was allowed. Judgment was entered dismissing the action.

*Dickson Whisnant for plaintiff appellant.*

*Attorney General Bruton and Assistant Attorney General Barham for defendant appellee.*

RODMAN, J.   The only question presented by the appeal is this: In which class, A or C, do the named legatees fall for the purpose of determining the rate of tax to be paid on the properties they received under Mrs. Minish's will?

The answer is to be found by an interpretation and application of the appropriate statutes, G.S. 105-2, 3, 4, 5, and 6 to the admitted facts.

G.S. 105-4, so far as here pertinent, reads: "(a) Where the person . . . entitled to any beneficial interest in such property shall be the lineal issue, or lineal ancestor, or husband or wife of the person who died possessed of such property aforesaid, or stepchild of the person who died possessed of such property aforesaid, or child adopted by the decedent . . . at the following rates of tax . . . (Then follows a tabulated rate based on values.) (b) The persons mentioned in this class shall be entitled to the following exemptions: Widows, ten thousand dollars ($10,000.00), each child under twenty-one years of age, five thousand dollars ($5,000.00) ; all other beneficiaries mentioned in this section, two thousand dollars ($2,000.00) each: Provided, a grandchild or grandchildren shall be allowed the single exemption or pro rata part of the exemption of the parent, when the parent of any one grandchild or group of grandchildren is deceased or when the parent is living and does not share in the estate: Provided, that any part of the exemption not applied to the share of the parent may be applied to the share of a grandchild or group of grandchildren of such parent. The same rule shall apply to the taking under a will, and also in case of a specific legacy or devise . . . ."

G.S. 105-5, captioned "Rate of tax—Class B," provides: "Where the person or persons entitled to any beneficial interest in such property shall be the brother or sister or descendant of the brother or sister, or shall be the uncle or aunt by blood of a person who died possessed aforesaid, at the following rates of tax . . ."

G.S. 105-6, entitled "Rate of tax—Class C," provides: "Where the person or persons entitled to any beneficial interest in such property shall be in any other degree of relationship or collateral consanguinity than is hereinbefore stated, or shall be a stranger in blood to the person who died possessed as aforesaid, or shall be a body politic or corporate, at the following rates of tax . . ."

Legislative intent is the test to be applied where a statute classifies persons for the purpose of measuring their tax liability. *Sale v. Johnson, Commissioner of Revenue,* 258 N.C. 749, 129 S.E. 2d 465; *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 123 S.E. 2d 582; *Shue v. Scheidt, Comr. of Motor Vehicles,* 252 N.C. 561, 114 S.E. 2d 237; *Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505.

Interpretation is of course unnecessary where the words used are so plain and unambiguous that no doubt can exist as to legislative intent and the proper application of the statutory language to a particular factual situation; but when the words used leave reasonable doubt as to what the Legislature intended with respect to a particular factual situation, it is proper to look to legislative history, judicial interpretation of prior statutes dealing with the question, and the changes, if any, made following a particular interpretation. *Insurance Co. v. Johnson, Comr. of Revenue,* 257 N.C. 367, 126 S.E. 2d 92; *Cab Co. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433.

By clear and express language, if the property had been given to Mrs. Sutton or Mrs. Ingram, parents of the legatees, their tax liability would be computed at the rate charged to class A beneficiaries. Does this classification extend to their children? Plaintiff says the answer should be yes. Defendant says it should be no.

Defendant would deny A classification to anyone other than those named in subsec. (a), G.S. 105-4, thereby confining the classification to lineal issue or stepchild or adopted child. He would ignore the provisions of subsec. (b).

That subsection grants exemptions to "the persons mentioned in this class." What class? Manifestly the language refers to class A beneficiaries. No exemptions are allowed to class B or class C beneficiaries. The exemptions allowed class A beneficiaries are "each child under twenty-one years of age, five thousand dollars ($5,000.00); all other

beneficiaries mentioned in this section, two thousand dollars ($2,-000.00) each . . ." If defendant's reasoning is correct, the Legislature intended to prevent a testator from conferring equal benefits on stepchildren and natural children. The natural, if under twenty-one, would get a $5,000 exemption; but the stepchild, if of like age, could not get that exemption. He would be limited to $2,000. We do not believe the Legislature intended to force the testator to draw a distinction between his children, whether they are stepchildren or natural children. Especially is this so when, by subsec. (a), it has expressly authorized him to accord them equality.

The first proviso in subsec. (b) permitting grandchildren to take the exemption a parent would have taken is of course limited to the children of a natural child, because a stepchild does not, under our statutes of descent and distribution, succeed to the estate of his stepparent. A stepchild can take only by will. To protect the stepchildren as well as the natural children who may take, not by descent but by will of the person last seized, the Legislature said: "The same rule shall apply to the taking under a will, and also in case of a specific legacy or devise." Does not this language mean that a stepparent, instead of giving to a stepchild who would be entitled to an exemption, might give to the child of a stepchild without depriving the legatee of the exemption his parent could claim? Certainly this is a reasonable interpretation of the language used.

If a husband died, leaving a widow and a stepchild, child of the widow, and devised all, or substantially all, of his property to his widow, would she be limited to a $10,000 exemption or could she claim an exemption of $15,000—$10,000 for herself and $5,000 for her minor child? The last proviso of subsec. (b) would, we think, entitle the widow to claim an exemption of $15,000; but defendant's interpretation would limit her exemption to $10,000.

Our present inheritance statute had its origin in c. 9, P.L. 1901. That Act gave all who acquired property as the result of the death of another an exemption of $2,000. It fixed five classes of beneficiaries, each to be taxed at a different rate. The first class, now class A, was composed of "lineal issue or lineal ancestor, brother or sister." Property passing to a wife or husband or for religious, charitable, or educational purposes was exempt from taxation.

The next session of the Legislature enlarged the first class of beneficiaries so as to include those who "stood in the relation of child to the person who died possessed . . ." c. 247, P.L. 1903.

The language of these acts carried forward in subsequent revenue acts was interpreted in *S. v. Bridgers,* 161 N.C. 246, 76 S.E. 827, de-

cided in December 1912. It was there held by a divided Court that the $2,000 exemption applied to all beneficiaries. Chief Justice Clark and Justice Walker dissented from this conclusion, but the Court was unanimous in its holding that daughters-in-law were within the language, "stood in the relation of child to the person who died seized."

The Revenue Act of 1913, ratified in March, c. 201, P.L. 1913, added to those included in the first class "husband or wife." It further said: "The persons mentioned in this class, except as is hereinafter otherwise provided, shall be entitled to an exemption of two thousand dollars ($2,000) each: *Provided,* grandchildren shall be allowed only the single exemption of the child they represent: *Provided,* a widow shall be entitled to an exemption of ten thousand dollars and each child under twenty-one years of age to an exemption of five thousand dollars."

Brothers and sisters were stricken from the first class and put in the second class. Only those in the first class were allowed an exemption.

The Revenue Act of 1915, c. 285, P.L. 1915, struck from the list of first class beneficiaries those who "stood in the relation of child to the person last possessed," and inserted in lieu thereof the words "adopted child." It reduced the classes from five to three, the present number. These changes were apparently made in response to the decision of this Court, *In re Inheritance Tax,* 168 N.C. 352, 84 S.E. 360.

In 1921, c. 34, the Legislature enlarged the first class beneficiaries so as to include "son-in-law or daughter-in-law or stepchild of the person who died possessed of such property aforesaid, or any person to whom the decedent stood in the mutually acknowledged relation of a parent, and who began such relationship at or before such person's fifteenth birthday, and whose relationship was continuous from such age until the date of the decedent's death."

The Legislature, by the Revenue Act of 1925, c. 101, P.L. 1925, added to the proviso giving a grandchild the exemption his parent would have taken this phrase: "and the same rule shall apply to the taking under a will and also in case of specific legacy or devise."

This amendment would appear to be superfluous if limited to natural grandchildren—they had been provided for in the previous provision—but essential to permit stepgrandchildren to take the exemption.

The Revenue Act of 1927, c. 80, rewrote subsec. (a) to read as now appears in G.S. 105-4. It added the last proviso to subsec. (b). There has, as affecting the decision in this case, been no material amendment since 1927.

We think a reading of the entire inheritance tax statute shows that the Legislature did not use the word "grandchildren" in a technical or

restricted sense, *Owens v. Munden*, 168 N.C. 266, 84 S.E. 257, but intended to place his children, natural, step, or adopted, in the same category. Our interpretation of the language used as it appears in the present statute is strengthened and fortified by an examination of preceding statutes imposing inheritance taxes. *In Re Bousman's Estate*, 44 P. 2d 1038.

Reversed.