OLIN MATHIESON CHEMICAL CORPORATION v. W. A. JOHNSON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 19 September 1962.)

1. **Taxation § 23—**
   A party asserting that he comes within the exceptions of a taxing statute has the burden of proof, since exceptions or exemptions from taxes must be construed in favor of the taxing power.

2. **Taxation § 29—**
   A herbicide does not come within the provisions of the sales tax statute excluding insecticides from sales tax, notwithstanding that the herbicide, when used on tobacco, inhibits the growth of suckers and thus decreases the food supply available to insects. G.S. 105-164. 13(2).

APPEAL by plaintiff from *Mintz, J.,* January 1962 Term of MARTIN. Plaintiff, a corporation manufacturing and selling commercial fer-

tilizers, insecticides, and herbicides, instituted this action against the Commissioner of Revenue under G.S. 105-267 to recover $13,855.66, sales tax assessment paid under protest on maleic hydrazide which is generally known as MH-30. Plaintiff alleged that MH-30 is a plant growth inhibitor, herbicide, and insecticide and that it could have been properly registered as a commercial fertilizer. G.S. 105-164.13(2) provides, inter alia, that the sale at retail of insecticides for agriculture is excluded from the sales tax. Plaintiff contends that MH-30 is exempt from the sales tax as an insecticide.

Plaintiff's evidence tended to establish the following facts:

MH-30 is used as a herbicide on quack grass, wild onions and garlic, plantain, dandelion, crabgrass, and wild beans. It is commonly used in Eastern North Carolina for tobacco sucker control. When it is sprayed on the blooming plants it prevents further growth of suckers. Eggs which form tobacco worms are laid in suckers; if suckers are eliminated eggs are not laid and worms are reduced. Furthermore, when suckers are eliminated, the nutrients which normally go into sucker growth increase the weight of the salable leaf. However, control tests have shown that there is very little difference, if any, between excellent hand suckering and the use of MH-30 in the weight that is produced.

On the argument plaintiff conceded that MH-30 is not a commercial fertilizer. A botanist for the U. S. Rubber Company which discovered MH-30 testified for plaintiff. He said, "No, my company does not recommend MH-30 as an insecticide to destroy insects."

At the close of plaintiff's evidence the defendant's motion for nonsuit was allowed. Plaintiff excepted and appealed.

*Attorney General Bruton, Assistant Attorney General Pullen for the State.*

*R. L. Coburn for plaintiff appellant.*

PER CURIAM. A taxpayer who challenges a sales tax coverage by virtue of an exemption or exclusion has the burden of showing that he comes within the exemption upon which he relies. *Henderson v. Gill, Comr. of Revenue,* 229 N.C. 313, 49 S.E. 2d 754. Exemptions from taxes must be strictly construed in favor of the taxing power. *McCanless Motor Co. v. Maxwell, Comr. of Revenue,* 210 N.C. 725, 188 S.E. 389. The law imposing the sales and use tax does not define insecticides; so the term must be given its ordinary meaning. Webster's New International Dictionary, Second Edition, Unabridged, defines *insecticide* as "An agent or preparation for destroying insects, as an insect powder." It is apparent from the plaintiff's evidence that

MH-30 is an agent for destroying weeds and plants — a herbicide. MH-30 is no more an insecticide than would be a forest fire which destroyed the balsam firs upon which the woolly aphids feed. The judgment of the court below is
Affirmed.