TELERENT LEASING CORPORATION v. SNEED HIGH, COMMISSIONER OF
NORTH CAROLINA DEPARTMENT OF REVENUE

No. 7010SC87

(Filed 27 May 1970)

1. **Taxation §§ 2, 31— double taxation — sales tax — TV lease proceeds**

   The imposition of a sales tax upon the gross proceeds received by a motel or hotel owner for the rental of a room, and upon the gross proceeds received by the lessor of television sets for the rental of a set located in that room, does not constitute double taxation, the taxes being imposed upon totally separate incidents. G.S. 105-164.4(2), G.S. 105-164.4(3).

2. **Taxation § 2— double taxation**

   Double taxation, as such, is not prohibited by the Federal or State Constitutions.

3. **Taxation § 19— exemptions from tax — burden of proof**

   The burden of showing exemptions or exceptions from taxing statutes is upon the one asserting the exemption or exclusion.

4. **Taxation § 31— sales tax — exemption — resale certificates**

   A lessor of television sets who had not procured resale certificates from any of its customers had the burden to show that its leasing transactions constituted a "sale for resale" entitling the lessor to an exemption from the sales tax. G.S. 105-164.3(13), G.S. 105-164.4, G.S. 105-164.28.

5. **Taxation § 31— sales tax — exemption — sale for resale — lease of TV sets**

   The leasing of a television set to a motel or hotel owner for use in a room rented to transients is not a "sale for resale" within the meaning of the Sales and Use Tax Act. G.S. 105-164.1 et seq.

6. **Taxation § 31— sales tax — liability of retailer**

   The retailer is liable for the sales tax notwithstanding he did not collect it from his customers.

APPEAL by plaintiff, Telerent Leasing Corporation (Telerent), from *Bone, E.J.*, August 1969 Civil Session of WAKE Superior Court.

This action was instituted by Telerent to recover the sum of $16,337.02 (plus interest) which it claims was improperly assessed against it by the Commissioner of the North Carolina Department of Revenue (Commissioner) as a sales and/or use tax. The case was tried upon affidavits and stipulation of facts. The following judgment was entered, reciting the material facts and denying the relief sought by the plaintiff.

*"JUDGMENT* of Bone, J.          (Filed 9/9/69)

THIS CAUSE coming on to be heard before the undersigned Judge Presiding at the August 1969 Civil Session of the Superior Court of Wake County, and being heard by the Court upon designated affidavits and an agreed Statement of Facts and Stipulation that the cause may be heard without a jury and judgment signed after the session and out of the District, and, having considered the affidavits and Agreed Statement of Facts and Stipulation of the parties, and having heard arguments of counsel for both parties, the Court makes the following findings of fact and conclusions of law:

(a)   The plaintiff is, and was at the time hereinafter mentioned a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in the City of Raleigh, Wake County, North Carolina;

(b)   The defendant at the time this suit was begun was the then duly appointed, qualified and acting Commissioner of Revenue of the State of North Carolina and resided at said time in Wake County, North Carolina;

(c)   On or about the 22nd day of January, 1964, the North Carolina Department of Revenue notified plaintiff of a sales and/or use tax assessment in the total amount of Twenty-two Thousand Six Hundred Thirty-seven and 60/100 ($22,637.60) Dollars; that said assessment purported to cover a period from January 1, 1961, to November 30, 1963;

(d)   Sixteen Thousand Three Hundred Thirty-seven and 02/100 ($16,337.02) Dollars of the tax assessment referred to in the preceding paragraph represented a tax at the rate of three (3%) per cent of the plaintiff's receipts from the rental of television sets to hotels and motels located in the State of North Carolina during the period referred to in the assessment;

(e)   On or about the 29th day of September, 1964, the plaintiff paid to the defendant under protest the tax in question, and on or about the 16th day of October, 1964, pursuant to G.S. 105-267 made a formal demand upon the defendant for the refund of said sum plus interest; that the defendant denied the demand for refund, and further, that all other statutory requirements prior to the filing of the suit have been met and the matter is properly before the Court for decision;

(f)   During the period from January 1, 1961, to November 30, 1963, the plaintiff leased television sets to sixty-three (63) hotel and motel customers for which it received, by way of gross

rentals, the sum of Five Hundred Forty-four Thousand Five Hundred Sixty-seven and 10/100 ($544,567.10) Dollars;

(g) During the period from January 1, 1961, to November 30, 1963, the plaintiff had television lease agreements with sixty-three (63) hotels and motels; that each of said hotels or motels charged its overnight guest room rentals which in some hotels and motels differed in varing amounts according to the type and quality of accommodations furnished in each room, including, among other varying accommodations, whether or not there was a television set in the room;

(h) All of plaintiff's hotel and motel customers in North Carolina during the tax period were liable for a three (3%) per cent retail sales tax on room rent receipts pursuant to G.S. 105-164.4(3);

(i) The North Carolina Department of Revenue, in making the assessment against the plaintiff, made no allowance or consideration for any differentiation in room rates charged by plaintiff's customers depending on whether or not said rooms contained therein television sets, the assessment against the plaintiff being measured solely by the rentals collected by the plaintiff from its own customers;

(j) For the period covered by the audit, plaintiff's lessees did not furnish to it resale certificates as provided by G.S. 105-164.28;

(k) Except in a few cases the billing statement by the hotel or motel to its guests during the period in question did not show a separate itemization for television sets;

(l) Title to the television sets during the period in question remained at all times in plaintiff;

(m) Affidavits submitted by plaintiff tend to show that during the period covered by the assessment in question some of plaintiff's lessees charged their overnight guests room rates varying from 50¢ to $1.00 over the rate for a room without a television set, said rates being dependent on whether or not there was located in the hotel or motel room a television set, while cross-affidavits submitted by the defendant tend to show that there was no room rate differential depending upon the presence or absence of a television set, but, regardless of this, the Court deems any such differential, as the affidavits of plaintiff tend to show, immaterial; and, as a matter of law, the said gross proceeds derived by plaintiff from its rental of its television sets

to its said hotel and motel customers during the period covered by said assessment were taxable to plaintiff under G.S. 105-164.4(2), and said assessment being properly made, the plaintiff is not entitled to any refund for the taxes paid upon said gross proceeds pursuant to said assessment

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff is not entitled to recover the refund prayed for in its Complaint and plaintiff's prayer for relief is denied and this action is hereby dismissed with the costs to be taxed against the plaintiff.

This the 6th day of September 1969.

s/ WALTER J. BONE

Judge Presiding"

The defendant, Telerent, appealed from this Judgment, asserting (1) that the North Carolina Sales and Use Tax statutes did not permit this tax, which would constitute a "double" tax; and (2) that the leasing transactions constituted sales for resale, which are not covered by the retail sales or use tax.

Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., for Commissioner of Revenue of North Carolina, defendant appellee.

Broughton & Broughton by Robert B. Broughton for plaintiff appellant.

CAMPBELL, J.

**[1]** Telerent first asserts that the imposition of a sales/use tax on the gross rental of a motel or hotel room as well as on the gross proceeds from the leasing of a television set located in that room constitutes double taxation, and should be held void. We hold that the taxes were properly imposed here, and at any rate do not amount to "double taxation."

**[2]** First of all, "double taxation," as such, is not prohibited by the Federal or State Constitutions. *Jamison v. Charlotte*, 239 N.C. 682, 80 S.E. 2d 904 (1954). We feel, however, that the levying of the two taxes in the instant case was not "double taxation" as asserted by appellant and as referred to in *Jamison v. Charlotte, supra.* It was stated therein that

"To constitute double taxation both taxes must be imposed on the same property, for the same purpose, by the same state, fed-

eral or taxing authority, within the same jurisdiction, or taxing district, during the same taxing period and there must be the same character of tax. . . ."

The appellant has misconstrued the meaning of the phrase "imposed on the same property" contained in the above definition, as applied to the facts of the instant case. It must be remembered that the *Jamison* case dealt with an *ad valorem* tax, Chapter 1034, Session Laws 1949, whereas we are dealing with a sales/use tax. There, the real or personal property of a *single* taxpayer was being taxed by different taxing authorities for the same purpose. Here two different incidents are being taxed.

[1]　　The first levy here is upon the gross proceeds from the rental of a room, pursuant to G.S. 105-164.4(3). The second levy is upon the lease of a television set which is located within that room, pursuant to G.S. 105-164.4(2). The statutory language is as follows:

"G.S. 105-164.4. *Imposition of tax; retailer.* — There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax *upon every person* who engages in the business of selling tangible personal property at retail, renting or furnishing tangible personal property or the renting and furnishing of rooms, lodgings and accommodations to transients, in this State, the same to be collected and the amount to be determined by the application of the following rates against gross sales and rentals, to wit:

＊　＊　＊

(2)　At the rate of three per cent (3%) of the gross proceeds derived from the lease or rental of tangible personal property as defined herein, where the lease or rental of such property is an established business, or the same is incidental or germane to said business; except that whenever a rate of less than three per cent (3%) is applicable to a sale of property which is leased or rented, the lower rate of tax shall be due on such lease or rental proceeds.

(3)　Operators of hotels, motels, tourist homes and tourist camps shall be considered 'retailers' for the purposes of this article. There is hereby levied upon every person, firm or corporation engaged in the business of operating hotels, and every person, firm or corporation engaged in the business of operating tourist homes, tourist camps and similar places of business, a tax of three per cent (3%) of the gross receipts derived from the rental of any room or rooms, lodgings, or accommodations furnished to tran-

. sients at any hotel, motel, inn, tourist camp, tourist cabin or any other place in which rooms, lodgings or accommodations are regularly furnished to transients for a consideration. The tax shall not apply, however, to any room, lodging or accommodation supplied to the same person for a period of 90 continuous days or more. Every person subject to the provisions of this section shall register and secure a license in the manner provided in subdivision (7) of this section, and, insofar as practicable, all other provisions of this article shall also be applicable with respect to the tax herein provided for." (Emphasis added)

Our Supreme Court has stated that taxes under G.S. 105-164.4 such as are involved here are *not* imposed upon the *consumer*, but are rather a privilege tax for engaging in business. *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 123 S.E. 2d 582 (1962). As such, the taxes here are imposed on the *owner* of the motel in the first instance and the *lessor* of the television sets in the second instance. It does not matter that the motel owner might conceivably collect the tax with the rental of the room and remit it to the State, as well as pay a tax on the lease of a television in the room, passed on to him by the lessor. Nor does it matter that the renter of the room will pay a tax which is based in part on proceeds arguably attributable to the presence in the room of a television set which was the basis of a sales/use tax on the lessor — the tax is, by its terms, levied upon the "retailer." There is, perforce, no double levy on any one object of taxation, since the two different sections of the sales/use tax impose two separate taxes on two separate people for two separate transactions: a lessor, for the gross proceeds of a lease, and a motel owner, for the gross proceeds of a room rental. The additional room charge when a television set is in the room is not the same amount which Telerent charges as rental. This argument is without merit.

[3, 4] Appellant, secondly, contends that the "lease" transaction here was a "sale for resale," exempted from the effect of G.S. 105-164.4 since it would not be a "retail" sale. G.S. 105-164.3(13). The burden of showing exemptions or exceptions from taxing statutes is upon the one asserting the exemption or exclusion. *Chemical Corporation v. Johnson, Comr. of Revenue,* 257 N.C. 666, 127 S.E. 2d 262 (1962). The burden could be avoided by obtaining "resale certificates" from vendees, as provided for in G.S. 105-164.28. This certificate was not procured by Telerent from any of its customers here, so it must allege and prove that its leasing activities fell outside the purview of the statute.

**[5]** The question resolves itself to the inquiry as to whether the supplying of a television set to a guest in a room of a motel or hotel by the owner thereof constitutes a "sale" (or more properly, a "resale") to the transient renting the room. We hold that the leasing of a television set to a motel or hotel owner, as under the facts of this case, for use in a room rented to transients, is not a "sale for resale" as contemplated by the North Carolina Sales and Use Tax Act. G.S. 105-164.1 *et seq.*

When a room is rented to a transient guest, it is common practice that the price of the room varies according to the accommodations furnished. For instance, a room with two double beds will usually rent for a higher rate than will one with a single twin bed. Likewise, it is conceivable that a room with a television set would rent at a slightly higher rate than a room similarly furnished, but without a television. It is clear, however, that there is no separate lease or rental of each furnishing which may appear in the room. The consideration paid is for the lodging or accommodation itself — not for a specific bed, lamp, painting, table, chair or television. While we find no pertinent North Carolina authority, we do agree with the reasoning in *Atlanta Americana Motor Hotel Corp. v. Undercofler,* 222 Ga. 295, 149 S.E. 2d 691 (1966), construing a sales/use tax statute similar to ours. The hotel owner there contended that a sales tax was not due to be collected on items which it bought for use in its hotel rooms, such as furniture, television sets, carpeting and other personal property. In upholding the sales tax levy, the court stated:

> "As we view it, Section 3 of the Act, in imposing the tax on charges for rooms, contemplates the room as a total, the complete room. The levy is on 'The sale or charges for any room or rooms, lodgings or accommodations furnished to transients \* \* \*' Code Ann. § 92-3403a, supra. This encompasses whatever is rented — whether one room or several, whether bare or elaborately appointed.
>
> Furthermore, the plaintiff's allegations here as to the personal property show that such property merged with and became part of its hotel rooms and that the charge made to its guests was for the use of the complete rooms. The property was, as alleged, 'Included in said hotel rooms \* \* \*.'
>
> Actually, the plaintiff itself used the property to make its rooms livable, and thus rentable to guests, and the fact that a part of the charge for the rooms was allegedly attributable to such property does not cause such use of it to be a resale. Although

the plaintiff's guests also used this property while occupying the rooms, they used it as a part of the rooms which they rented, not independently. Not many of them would have cared to use the rooms without any of the items mentioned."

[6]     G.S. 105-164.26 provides that ". . . it shall be presumed that all gross receipts of wholesale merchants and retailers are subject to the retail sales tax until the contrary is established by proper records as required herein." (See G.S. 105-164.22 *et seq.*) Telerent has not demonstrated that in law or in fact it is entitled to be exempted from the payment of the tax levied on it in the instant case. The retailer is liable for the tax notwithstanding that he did not collect it from his customers. *Canteen Service v. Johnson, supra.*

Affirmed.

PARKER and HEDRICK, JJ., concur.