IN THE MATTER OF JOHN B. DICKINSON, JR., SURF SONG COTTAGE, ROUTE 1, MOREHEAD CITY, NORTH CAROLINA, ASSESSMENT OF ADDITIONAL INCOME TAXES FOR THE YEAR 1967

No. 73

(Filed 16 June 1972)

1. **Taxation § 28— income tax — multistate partnership — resident partner — income earned in other states**

A resident partner of a partnership which has one or more non-resident partners and which operates in North Carolina and also in one or more other states is required to include in his gross income, for North Carolina income tax purposes, his distributive share of the net income of the partnership earned in states other than North Carolina; however, the resident partner is allowed a credit against his North Carolina tax for the amount of the tax paid to another state on the same income.

2. **Taxation § 28— partnership income derived from other states — resident partner — income taxation**

The proviso of G.S. 105-142(c) does not exempt from North Carolina income taxation a resident partner's share of the net income of the partnership which is derived from sources other than North Carolina, the sole purpose of the proviso being to provide a method for determining the portion of the net income attributable to North Carolina of a multistate partnership with nonresident members.

Justice LAKE did not participate in the consideration or decision of this case.

APPEAL by John B. Dickinson, Jr., from *Clark, J.,* May 31, 1971 Civil Session of WAKE Superior Court, certified, pursuant to G.S. 7A-31, for initial appellate review by the Supreme Court, docketed and argued as No. 118 at Fall Term 1971.

This is an appeal by John B. Dickinson, Jr., hereafter called taxpayer, from a judgment entered June 17, 1971, which affirmed "Administrative Decision No. 112 of the Tax Review Board entered January 26, 1970." The Tax Review Board had affirmed the "Final Decision of Commissioner of Revenue" entered October 1, 1968. This decision by the Commissioner was made after a hearing on taxpayer's protest of the proposed additional assessment of North Carolina Income Tax for the taxable year 1967.

Taxpayer is and was during the year 1967 a resident of North Carolina. During the income year 1967, he was a partner

in the firm of A. M. Pullen and Company, Certified Public Accountants, and engaged in practice as a certified public accountant. At the time here involved, the firm of A. M. Pullen and Company had offices in the District of Columbia and in the states of New York, Virginia, North Carolina, South Carolina, Tennessee and Georgia.

Taxpayer timely filed an income tax return for 1967 which showed he was due a refund of $302.98. The gross income reported therein as being taxable by North Carolina did not include taxpayer's share of the partnership net income from A. M. Pullen and Company earned in the District of Columbia and states other than North Carolina. As a result of a pre-refund audit an adjustment was made in taxpayer's return to include in the gross income reported to North Carolina taxpayer's share of the net partnership income of A. M. Pullen and Company earned in the District of Columbia and in states other than North Carolina. On the basis of this adjustment, an assessment of additional income tax of $985.20 plus interest for the taxable year 1967 was made against taxpayer by the Individual Income Tax Division of the North Carolina Department of Revenue.

Taxpayer excepted to and appealed from Judge Clark's judgment. In a separate order, Judge Clark stayed the decision of the Tax Review Board "pending the outcome of the appeal to the Court of Appeals of North Carolina." On September 7, 1971, at the request of taxpayer and of Commissioner, this Court granted *certiorari* for appellate review by the Supreme Court without prior determination by the Court of Appeals.

*McLendon, Brim, Brooks, Pierce & Daniels, by Claude C. Pierce, Charles B. Robson, Jr., and E. Norman Graham, for petitioner appellant.*

*Attorney General Morgan and Assistant Attorney General Lake for Commissioner of Revenue, appellee.*

BOBBITT, Chief Justice.

[1] The question for decision is whether a resident partner of a partnership, which has one or more nonresident partners and which operates in North Carolina and also in one or more other states, is required to include in his gross income, for North Carolina income tax purposes, his distributive share of

the net income of that partnership earned in states other than North Carolina.

The statutory provisions quoted below are applicable to the income tax year beginning January 1, 1967. Chapter 1110, §§ 3 and 18, Session Laws of 1967, hereafter referred to as the 1967 Act. They are included in the "Individual Income Tax Act" (G.S. 105-133), which is Division II (Individual Income Tax) of Schedule D (Income Tax) of G.S. Chapter 105 (Replacement 1972).

G.S. 105-136 imposes a tax "upon every resident of this State which shall be levied, collected, and paid annually, with respect to the net income of the taxpayer as herein defined, and upon the net income derived from North Carolina sources of every nonresident individual which is attributable to the ownership of any interest in real or tangible personal property in this State or which is from a business, trade, profession, or occupation carried on in this State, . . . . "

G.S. 105-140 provides that "[t]he words 'net income' mean the gross income of a taxpayer, less the deductions allowed by this Division."

G.S. 105-141 (a) provides in pertinent part that " 'gross income' for purposes of this Division shall mean *all income in whatever form and from whatever source derived,* including (but not limited to) the following items: . . . (13) Distributive share of partnership income subject to the provisions of G.S. 105-142 (c) ; . . . . " (Our italics.)

Until rewritten by the 1967 Act, G.S. 105-141 (a), which defined "gross income," contained no specific reference to a distributive share of partnership income. (G.S. Vol. 2D, Replacement 1965.)

G.S. 105-136 imposes a tax on *all* of a resident's net income. It imposes a tax only on that portion of the net income of a nonresident which is derived from North Carolina sources.

In fact, taxpayer's gross income included *all* of his share of the net partnership income of A. M. Pullen and Company, whether earned in North Carolina or elsewhere. His entire share, whether derived from North Carolina or other sources, was included in "gross income" as defined in G.S. 105-141 (a)

In re Dickinson

unless some statutory provision exempted the portion derived from sources other than North Carolina.

G.S. 105-151(a) provides, subject to the conditions set forth therein, that "[i]ndividuals who are residents of this State shall be allowed a credit against the taxes imposed by this division for income taxes imposed by and paid to another state or country on income taxed under this division, . . . . " "[A]nother state or country" could lawfully impose an income tax only on that portion of the income of a resident of North Carolina derived from sources in that "state or country." G.S. 105-151(a) implies that such income is to be taxed by North Carolina, but allows a credit on the North Carolina income tax for payments, if any, to "another state or country."

Taxpayer does not seek a credit on his North Carolina income tax under G.S. 105-151(a). He contends that the portion of his share of the net income of the partnership which is derived from sources other than North Carolina is *exempt* from North Carolina income tax.

"Taxation is the rule; exemption the exception." *Odd Fellows v. Swain,* 217 N.C. 632, 637, 9 S.E. 2d 365, 368 (1940). "[S]tatutes providing exemption from taxation are strictly construed." *Sale v. Johnson, Commissioner of Revenue,* 258 N.C. 749, 755, 129 S.E. 2d 465, 469 (1963), citing prior decisions.

Since taxpayer relies largely upon G.S. 105-142(c), particularly the proviso, we quote the provisions thereof in full with our capitalization (for convenient reference) of the first words in each of the first three sentences and of the word "Provided" following the third sentence.

G.S. 105-142(c) provides: "AN INDIVIDUAL carrying on the business in partnership shall be liable for income tax only in his individual capacity, and shall include in his gross income, whether distributed or not, his distributive share of the net income of the partnership and dividends from foreign corporations for each income year. IF AN ESTABLISHED BUSINESS in this State is owned by a nonresident individual or by a partnership having one or more nonresident members, the manager of the business in this State shall report the earnings of such business in this State, and the distributive share of the income of each nonresident owner or partner and pay the tax as levied

on individuals in this division for each such nonresident owner or partner. THE INDIVIDUAL OR PARTNERSHIP business carried on in this State may deduct the payment required to be made for such nonresident individual or partner or partners from their distributive share of the profits of such business in this State: PROVIDED, that if an established unincorporated business owned by a nonresident individual or a partnership having one or more nonresident members is operating in one or more other states the net income of the business attributable to North Carolina shall be determined by multiplying the total net income of the business by the ratio ascertained under the provisions of G.S. 105-130.4, and shall be entitled to the rights and privileges accorded corporations therein. Total net income shall be the entire gross income of the business less all expenses, taxes, interest and other deductions allowable under this division which were incurred in the operation of the business."

The first sentence of G.S. 105-142(c) requires any partner to report "his distributive share of the net income of the partnership." The next two sentences relate to partnerships with *nonresident* members. The second sentence requires the manager of a partnership with nonresident members to report its North Carolina earnings and the share of each nonresident partner, and to pay the nonresidents' taxes thereon. The third sentence permits the partnership to deduct such payment from each nonresident's share of the partnership's North Carolina net income. The third sentence is followed by a proviso which is specifically applicable to a *multistate* partnership with nonresident members which has operations in North Carolina as well as in other states. According to the proviso, "the net income of [such partnership] attributable to North Carolina shall be determined by mutiplying the total net income of the business by the ratio ascertained under the provisions of G.S. 105-130.4, and shall be entitled to the rights and privileges accorded corporations therein." The proviso to the third sentence prescribes the method for determining the portion of the net income attributable to North Carolina of a multistate partnership with nonresident members. Since there is no controversy with reference to the portion of the net income of A. M. Pullen and Company for 1967 attributable to North Carolina, it is unnecessary to discuss the provisions of G.S. 105-130.4.

[2] We hold that the proviso relates solely to the second and third sentences of G.S. 105-142(c) and that its sole purpose is

to provide how the net income of such multistate partnership attributable to North Carolina is to be determined. When determined, this is the basis on which G.S. 105-136 levies an income tax on a nonresident partner, the amount thereof to be reported and paid as provided in the second and third sentences of G.S. 105-142(c).

G.S. 105-147 (G.S. 143, Vol. 2, 1955 Cumulative Supplement) in part provided: "In computing net income there shall be allowed as deductions the following items: . . . (10) Income earned in another state, nation, territory or possession (hereinafter referred to as 'state') by resident individuals and domestic corporations to the extent hereinafter provided. . . . (b) Resident individuals having an established business or an investment in real or tangible property in another state or other states may deduct the net income from such business or property but only to the extent that such income is in fact reported for taxation in such other state or states which levies or levy a net income tax . . . . " Based on the quoted portion of (b), in 1947 the Attorney General expressed this opinion: "[I]f [a resident] taxpayer earns income through a partnership which has an established business in the State of Alabama and she reports that income to the State of Alabama for income taxation, she is entitled to the deduction provided for in Paragraph (b) of subsection 10 of Section 322 of the Revenue Act [G.S. 105-147(10)(b)]." 29 Biennial Report of the Attorney General of the State of North Carolina 220 (1946-48).

The former statute referred to above as G.S. 105-147(10)(b) was repealed by Subsection (d), Section 4, Chapter 1340, of the Session Laws of 1957, p. 1343. The proviso of the statute now codified as G.S. 105-142(c) was enacted by Subsection (v), Section 4, Chapter 1340, of the Session Laws of 1957, p. 1352. Taxpayer's contention that the proviso of G.S. 105-142(c) was enacted in substitution for former G.S. 105-147(10)(b) is without substance. As stated above, the proviso of G.S. 105-142(c) relates solely to the method for determining the portion of the net income attributable to North Carolina of a multistate partnership with nonresident members.

[1] Former G.S. 105-147(10)(b) allowed a resident taxpayer, when computing his net income, to deduct his net income earned in another state or states "but only to the extent that such income [was] in fact reported for taxation in such other state

or states which levies or levy a net income tax." Now, under G.S. 105-151(a), instead of allowing such a deduction in computing taxable net income, the income tax of a resident is computed on the basis of his entire net income and he is allowed a credit against his North Carolina tax for the amount of *the tax paid* to another state or country on the same income.

Taxpayer cites G.S. 105-149(b), which relates to personal exemptions. After full consideration, we find nothing therein which supports taxpayer's contention on this appeal.

For the reasons stated, the judgment of the court below, which affirmed "Administrative Decision No. 112 of the Tax Review Board entered January 26, 1970," is affirmed.

Affirmed.

Justice LAKE did not participate in the consideration or decision of this case.