CORPORATION COURT OF THE CITY OF WINCHESTER

Lee Jackson Motel, Inc.

v.

Taylor L. Barr, Commissioner of Revenue,
and W. H. Forst, State Tax Commissioner

June 11, 1974

By JUDGE ELLIOTT MARSHALL

Petitioner operates a motel. It has been required to pay (and seeks relief from such payment of) sales tax on several items of tangible personal property to be used by the guests incident to their occupation of the rooms. The guests, of course, pay sales tax on their room charges which cover all accommodations, there being no specific charges for the use of any of the items of personal property.

The Stipulation of Facts classifies the items concerned into six categories:

A. Bath mats, seat covers, linens, bedspreads and similar reusable items purchased for use in the motel guest rooms.

B. Soap, tissue, glass bags, plastic tumblers and similar non-reusable items purchased for use and consumption by the guests in the motel guest rooms.

C. Cleaning supplies purchased for use and consumption by Petitioner's employees in keeping the motel guest rooms clean and sanitary.

D. Lamps, beds, mattresses, furniture, furnishings and similar reusable items purchased for use by the guests in the motel guest rooms.

E. Maids' carts purchased for use by Petitioner's employees in keeping the motel guest rooms clean and sanitary.

F. Televisions rented by Petitioner for use by the guests in the motel guest rooms.

The case involves the construction of several Sections of Code Chapter 8.1 "Virginia Retail Sales and Use Tax".

The Virginia Sales Tax Act was the subject of much controversy prior to its passage and was not enacted until after years of consideration and study. Our state was one of the last to adopt the tax and the law was obviously patterned after some of those of the sister states. Much of our law was borrowed from the Georgia Statutes.

Generally speaking, the act was designed to levy a tax upon all "retail" sales of personal property except those enumerated in Virginia Code Section 58-441.6.

Retail sales are defined as those to a _consumer_ or to any person _other than for resale_. Virginia Code Section 58-441.2(c). (Italics Supplied)

The term "retail sale" shall also include "the sale or charges for any room. . . furnished to transients. . .", etc. for less than 90 days. Virginia Code Section 58-441.2(d).

Petitioner urges:

(1) That it was not the "consumer" of any of the articles purchased. Virginia Code Section 58-441.2(c).

(2) That the purpose of the purchases was to resell the "use" of the items to the motel guests. _Idem._

(3) That the purchases were for future use by petitioner for taxable lease or rental to others as an established business. Virginia Code Section 58-441.6(n).

The State Tax Commissioner has promulgated a regulation which provides, in part: "Purchases of furniture, linens, carpeting, drapes and other tangible personal property by such businesses (including motels) are taxable at time of purchase". Commission Retail Sales and Use Tax Rules and Regulations Section 1-48. Under the principle of ejusdem generis the regulation would cover all items mentioned in Categories A and D of the Stipulation of Facts.

There have been no cases in Virginia construing the Act, but in Georgia, whose statutory definition, Georgia Code Section 92-832(c), is in all pertinent respects identical to Virginia Code Section 58-441.2(c), the Court has answered petitioners contention that it is not a consumer and purchased the articles for resale to its guests.

In the case of Atlanta Americana Motor Hotel Corp. v. Undercofler, Comm., 22 Ga. 295, 149 S.E.2d 691 (1966), the items concerned were "carpeting, furniture, linens, blankets, towels, soap, paper, television sets, and other articles of tangible personal property." These items are identical to or of the same nature as Categories A, B and D in the Stipulation of Facts. The Georgia Court held that the purchases were not for resale, and, while such decision is not binding on this Court, I shall follow it here. I believe that nisi prius courts should give great weight to the opinions of court of last resort in other jurisdictions where there is no case law in their states and no contrary court authority in other states.

The Supreme Court of Illinois has decided the question as to the expendable items categorized in B of the Stipulation of Facts. Theo. B. Robertson Products Co. v. Nudelman, Dir., 389 Ill. 281, 59 N.E.2d

655 (1945). There, comparing the items to furniture and fixtures necessary for the use and enjoyment of the rooms, the court held that the tax was applicable. There is no copy of the Illinois Statute available to me, but the references in the syllabus and opinion lead me to the conclusion that the statutes and constructions are identical to Virginia Code Section 58-441.2(c). Again, I feel constrained to follow this decision of a court of last resort.

The Court of Appeals of North Carolina has answered petitioner's contentions as to F of the Stipulation of Facts. Telerent Leasing Corporation v. High Comm., 8 N.C. App. 179, 174 S.E. 2d 11 (1970). While the plaintiff in that case was the lessor of the televisions the Court said:

> The question resolves itself to the inquiry as to whether the supplying of a television set to a guest in a room of a motel or hotel by the owner thereof constitutes a "sale" (or more properly a "resale") to the transient renting the room.

While this is not a decision of a Court of last resort it was decided in 1970 and I assume that it has not been reversed. Again, I shall follow the decision.

The only category remaining is E, that is, maids' carts for use in cleaning the rooms.

If the other articles mentioned are not purchased for "resale", it is difficult to see how it could be held that carts for the maids are for "resale". They are not even used by the guests as are the televisions and furniture. Could it be said that brooms, vacuum cleaners, etc. are for resale while the beds are not? What of the maids' uniforms? I cannot find that these items are excluded.

The petitioner further urges that under Virginia Code Section 58-441.6(n) all items concerned are exempted because they were purchased for future use for taxable lease or rental as an established business

or "incidental or germane" thereto. The contention, as I understand it, is that the property was purchased to be used in the motel business the rentals of which are taxed as a part of the Retail Sales and Use Act.

It seems to me that this exclusion would apply only to property acquired for the purpose of rental or lease of the article itself rather than as an incident to the rental of a room in a motel. The same reasoning applicable to the proposition that the property was acquired for resale would seem to apply. The guest does lease or rent the personal property furnished as an incident to his occupancy of the room.

In addition, a guest of a motel is not a lessee or rentee. The relationship of Innkeeper and Guest is not one of lease. The guest is a licensee rather than a lessee who has the right to exclusive occupancy. The legislature apparently recognized this distinction when in Virginia Code Section 58-441.2(d) it defined lease or rental as "the lease or rental of personal property".

For these reasons I am of the opinion that prayers of the petition must be denied.