IN THE MATTER OF: THE APPEAL OF MR. JAMES G. MARTIN, CHAIRMAN OF THE MECKLENBURG COUNTY BOARD OF COM-MISSIONERS, FROM A DECISION OF THE MECKLENBURG COUNTY BOARD OF EQUALIZATION AND REVIEW EXEMPT-ING FROM TAX CERTAIN PROPERTY BELONGING TO ROSS LABORATORIES AND STORED IN THE PUBLIC WAREHOUSE IN CHARLOTTE AS OF JANUARY 1, 1971.

No. 7426SC272

(Filed 3 July 1974)

1. Taxation § 23— construction of tax statutes

Ambiguous tax statutes are construed against exemption and in favor of taxation, and a party asserting that he comes within the exceptions of a taxing statute has the burden of proof.

2. Taxation § 25— ad valorem taxation — goods from out of state — storage in public warehouse — goods not held for transshipment

Goods of a nonresident corporation which were shipped into this State with bills of lading designated "For Transshipment," stored in a public warehouse in unbroken cases for varying amounts of time until customers placed an order for the goods, and shipped by the warehouse by common carrier to the corporation's customers upon being so instructed by the corporation were not goods held "for the purpose of transshipment" within the meaning of G.S. 105-281 (now G.S. 105-275); consequently, they were subject to ad valorem taxation in the county in which they were stored.

APPEAL from *Hasty, Judge,* 16 April 1973 Session of MECKLENBURG County Superior Court.

---

**In re Martin**

---

Mecklenburg County assessed certain personal property of Abbott Laboratories, Inc., a foreign corporation, and Ross Laboratories (taxpayer), a division thereof, for ad valorem taxes for 1971. This property was located in a public warehouse in Mecklenburg County. The taxpayer appealed the assessment of taxes to the Mecklenburg County Board of Equalization and Review, which held that the property was subject to the provisions of G.S. 105-281 (now G.S. 105-275) and was, therefore, not subject to ad valorem taxation. The county appealed this decision to the State Board of Assessment, which upheld the County Board of Equalization and Review. This ruling was appealed to the Mecklenburg County Superior Court, which, likewise, affirmed the decision of the State Board of Assessment. Notice of appeal was given by the county.

The facts in this case have been stipulated. The property involved was manufactured by the taxpayer at plants outside North Carolina and shipped into the State by common carrier. It was shipped in carload lots to the Carolina Transfer and Storage Company, a public warehouse in Mecklenburg County. It was shipped in standard size cases which were stored at the warehouse. The cases remained unbroken at all times while in storage; and when eventually sold, they were not sold in lots smaller than a case. Each of the shipments was accompanied by an invoice and bill of lading which had on its face the words "For Transshipment" or "Transshipment". The ultimate consignees were not designated and were not known to the taxpayer when the goods were shipped into this state.

Throughout the year 1971, the office of the taxpayer in Atlanta, Georgia, would notify the warehouse as to the type of merchandise and the number of cases to be shipped and the identity of the consignee. Pursuant to these instructions, the warehouse would ship by common carrier to persons, firms, and corporations, both within and without the State, various numbers of cases of the products stored in the warehouse.

*Ruff, Perry, Bond, Cobb, Wade and McNair, by Hamlin L. Wade for appellant Mecklenburg County.*

*Boyle, Alexander and Hord, by B. Irvin Boyle for appellee Ross Laboratories.*

CARSON, Judge.

The taxpayer contends that its personal property is exempt from taxation by virtue of Chapter 1185 of the 1967 Session Laws amending G.S. 105-281 as follows:

"Personal property of nonresidents of the State in their original package or fungible goods in bulk, belonging to a nonresident of the State, shipped into this State and placed in a public warehouse for the purpose of transshipment to an out-of-state or within the state destination and so designated on the original bill of lading, or personal property of residents of the State in their original package and fungible goods in bulk, belonging to a resident of the State, placed in a public warehouse for the purpose of transshipment to an out-of-state destination and so designated on the original bill of lading, shall be, while so in the original package, or as fungible goods in bulk, in such warehouse, and they are hereby designated a special class of personal property and shall not be assessed for taxation. No portion of a premises owned or leased by a consignor or consignee, or a subsidiary of a consignor or consignee, shall be deemed to be a public warehouse within the meaning of this Section despite any licensing as such. It is hereby declared to be the policy of this State to use its system of property taxation in such manner, through the classification of the aforementioned property, to encourage the development of the State of North Carolina as a distribution center. For purposes of this Section and this subchapter, the term "property, real and personal," as used in the first paragraph of this Section, shall not include the property hereinabove in this paragraph so specially classified."

Here, the goods of the taxpayer were in their original package, belonged to a nonresident, shipped into this State, placed in a public warehouse, and designated "For Transshipment" on the bill of lading. The only question to be determined is whether the goods were held for the purpose of transshipment, for the statute only applies to goods held for that purpose.

[1] It is well established in this jurisdiction that ambiguous statutes are construed against exemption and in favor of taxation. *Odd Fellows v. Swain*, 217 N.C. 632, 9 S.E. 2d 365 (1940) ; *In re Dickinson*, 281 N.C. 552, 189 S.E. 2d 141 (1972).

A party asserting that he comes within the exceptions of a taxing statute has the burden of proof. *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 123 S.E. 2d 582 (1962); *Leasing Corp. v. High, Comr. of Revenue,* 8 N.C. App. 179, 174 S.E. 2d 11 (1970).

The taxpayer contends that his property is in the public warehouse for the purpose of transshipment. It contends that the goods are still in their original package and the bill of lading bears the words "For Transshipment". When they are sold by the taxpayer, the cases are not broken but are shipped in quantities no smaller than one case.

The county maintains that all goods placed in a public warehouse are placed there for some type of shipment out. It contends that the word "transshipment" is a word of art meaning a short delay in the shipping of goods in interstate commerce. It contends that since the ultimate designee is unknown at the time the goods are shipped to the warehouse, the taxpayer's construction of this statute would allow the taxpayer to ship large quantities of goods to this state and to allow these goods to have a tax free status while waiting for a purchaser.

We agree with the contentions of the county. To accept the contentions of the taxpayer would be to render meaningless the phrase "for the purpose of transshipment". The word "transshipment" evolved from maritime law. It applied to goods being taken from one ship and placed in another. It also covered goods temporarily stored on the pier while waiting to be loaded on the second ship. It was a temporary interruption of goods in transit while being moved from one carrier to another. Black's Law Dictionary, 4th Ed.

[2]   We do not believe the goods in question under these stipulated facts were held for the purpose of transshipment. Their storage in the public warehouse was not a mere temporary break in the shipment of the goods. Rather, they were held for varying amounts of time until customers placed an order with the taxpayer for the delivery of the goods. Since the goods were not held for the purpose of transshipment, they were subject to ad valorem taxation in the county.

The judgment appealed from therefore is reversed.

Chief Judge BROCK and Judge MORRIS concur.