ALAN T. DICKSON, Trustee v. MARK G. LYNCH, North Carolina Secretary
of Revenue

No. 8326SC20

(Filed 17 January 1984)

**Taxation § 18— income on trust distributable to nonresident—intangible tax improperly levied**

In determining whether a trust held for the benefit of a nonresident is exempt from intangibles tax by G.S. 105-212, it does not matter whether any income was actually distributed from the trust if trust assets were distributable to the nonresident beneficiary. Therefore, where plaintiff trustee was authorized to distribute income to nonresidents, and to no one else, the trusts were clearly exempt from the intangibles tax under the plain language of G.S. 105-212.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 23 November 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 December 1983.

Plaintiff is a resident and domiciliary of North Carolina and is successor trustee of four irrevocable trusts, each in favor of a nonresident beneficiary. The instrument under which each of the trusts was created provides that distribution of income is a matter left to the sole discretion of the trustee. During 1981, plaintiff elected to distribute no income to any of the nonresident beneficiaries.

Plaintiff filed 1981 intangible personal property tax returns and paid a total of $4,753.44 in tax on the intangible assets constituting the corpus of each of the trusts. With the tax returns, plaintiff sent a letter requesting a refund of the $4,753.44 paid in intangible tax. Defendant refused to refund the tax paid, and plaintiff filed suit to recover the $4,753.44.

After a hearing, the trial judge granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for summary judgment, and ordered that defendant refund the $4,753.44, plus interest, to plaintiff. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for defendant-appellant.*

*Fleming, Robinson, Bradshaw & Hinson, by Russell M. Robinson, II, and Edwin F. Lucas, III, for plaintiff-appellee.*

EAGLES, Judge.

A trust held for the benefit of a nonresident by a North Carolina trustee is exempted from intangibles tax to the extent that its net income is "distributed or distributable to such nonresident." G.S. 105-212. Defendant contends that only income actually distributed to the nonresident is exempt from intangibles tax and that plaintiff was subject to intangibles tax for 1981 because there was no distribution of income from the trusts. We do not agree.

In determining whether a trust held for the benefit of a nonresident is exempt from intangibles tax by G.S. 105-212, it does not matter whether any income was actually distributed from the trust if trust assets were distributable to the nonresident beneficiary. We hold that "distributable," as used in G.S. 105-212, means "capable of being distributed." The Secretary of Revenue's regulations requiring that income be actually distributed to a nonresident in order to be considered in determining the ratio of intangible property exempt from taxation are in contravention of the statute. See, 17 N.C.A.C. 8.1505(5). These regulations are also inconsistent with the North Carolina Supreme Court's statement that the purpose of the exemption in G.S. 105-212 is "to dispel any idea that intangibles otherwise exempt would be subject to the intangible personal property tax *because* a fiduciary domiciled in this State held and controlled such intangibles." *Allen v. Currie,* 254 N.C. 636, 643, 119 S.E. 2d 917, 923 (1961).

Because plaintiff here was authorized to distribute income to nonresidents, and to no one else, the trusts are clearly exempt from the intangibles tax under the plain language of G.S. 105-212. The trial judge properly concluded that plaintiff was entitled to a refund of the 1981 intangibles tax paid on the trust assets.

Affirmed.

Judges HEDRICK and BRASWELL concur.