NCNB NATIONAL BANK OF NORTH CAROLINA, TRUSTEE UNDER TRUST AGREEMENT OF LOUISE S. FOLEY DATED MARCH 2, 1967 v. HELEN A. POWERS, NORTH CAROLINA SECRETARY OF REVENUE

No. 8626SC173

(Filed 19 August 1986)

Taxation § 18— trust income—distributable to nonresident and resident beneficiaries—calculation of intangibles tax

    A trust is entirely exempt from intangibles taxation under N.C.G.S. § 105-212 only if all of the net income is distributed to nonresidents or if the

only potential beneficiaries are nonresidents; Department of Revenue regulation, 17 NCAC 8.1505, treating net income retained in a trust as "distributable to nonresidents" only to the extent that nonresidents are proportionally represented in the pool of all beneficiaries, does not conflict with the intent or language of the statute.

APPEAL by defendant from *Grist, Judge.* Judgment entered 4 December 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 June 1986.

*Robinson, Bradshaw & Hinson, P.A., by Edwin F. Lucas III, for plaintiff appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for defendant appellant.*

BECTON, Judge.

North Carolina Secretary of Revenue Helen A. Powers appeals from a trial court judgment ordering an intangibles tax refund to NCNB National Bank of North Carolina as trustee under the trust agreement of Mrs. Louise S. Foley. We reverse the judgment of the trial court.

The only issue on appeal is whether a trust administered by a North Carolina trustee, with both resident and nonresident beneficiaries, is entirely exempt from taxation on intangible personal property when the trustee has the discretion to distribute all the income to the nonresident beneficiaries. We hold that it is not entirely exempt unless all the income is actually distributed to the nonresident beneficiaries.

I

The facts are not in dispute. In 1967, Mrs. Foley created a trust naming seven nonresidents and four residents as beneficiaries. The manner in which the principal and income was to be distributed was left in the sole discretion of the trustee. In 1982, the trustee distributed some of the net income of the intangible trust property to resident beneficiaries, some to nonresidents, and some was retained in the trust. One resident and two nonresident beneficiaries received no distributions. The trustee remitted to the Department of Revenue $1,261.90 as the 1982 intangibles tax on the trust property. The tax burden for all the intangible personal property in 1982 would have been $2,054.84; the dif-

ference was claimed as an exemption for the nonresident beneficiaries.

On 30 July 1985, the trustee applied for a refund of the entire 1982 intangibles tax paid for the trust, basing its claim on the exemption for nonresidents in N.C. Gen. Stat. Sec. 105-212 (1985). The Secretary of Revenue, applying the formula in 17 NCAC 8.1505, found the proper amount of tax to be $734.61 and issued a refund of $527.29 plus interest.

The trustee filed a complaint in superior court to recover the $734.61 plus interest. The trustee moved for judgment on the pleadings, and the Secretary moved for summary judgment. The trial court granted the trustee's motion, denied summary judgment for the Secretary of Revenue, and ordered the Secretary to refund $734.61 plus interest to the trustee. The Secretary of Revenue appeals.

II

Intangible personal property held by a North Carolina trustee may be exempt from taxation under G.S. Sec. 105-212, which provides in part:

> If any intangible personal property held or controlled by a fiduciary domiciled in this State is so held or controlled for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt under this section for the tax imposed by this Article, such intangible personal property shall be partially or wholly exempt from taxation . . . in the ratio which the net income distributed or distributable to such nonresident, nonresidents or organization, derived from such intangible personal property during the calendar year . . ., bears to the entire net income derived from such intangible personal property during such calendar year. . . . No provisions of law shall be construed as exempting trust funds or trust property from the taxes levied by this Article except in the specific cases covered by this section.

Until 1984, the phrase "distributed or distributable" was interpreted by the Department of Revenue to include income (1) actually distributed to nonresidents and (2) income that had been earmarked for a specific nonresident beneficiary by the trustee or by the trust instrument. This narrow interpretation of the exemp-

tion was rejected in *Dickson v. Lynch*, 66 N.C. App. 195, 310 S.E. 2d 404 (1984).

In *Dickson*, a North Carolina trustee administering four discretionary trusts elected to make no distribution. Each trust had only one nonresident beneficiary and no other beneficiaries. After defining "distributable" as "capable of being distributed," we held that the Department of Revenue requirement that income be actually distributed or earmarked for distribution in order to be included in the calculation of the ratio was in conflict with the language and purpose of the statute. Finally, we held, "[b]ecause plaintiff here was authorized to distribute income to nonresidents, and to no one else, the trusts are clearly exempt from the intangibles tax under the plain language of G.S. 105-212." 66 N.C. App. at 196, 310 S.E. 2d at 405.

After the *Dickson* decision, the Secretary of Revenue promulgated new regulations. The paragraph challenged in the case at bar states:

> "Net income distributed" shall mean the net income of a trust actually paid to a beneficiary or beneficiaries during the calendar year. "Net income distributable" shall mean the net income which by terms of a trust instrument is required or authorized to be distributed but which has not been distributed. Such income, if required to be distributed, shall be deemed "distributable" to the beneficiary to whom it is required to be distributed. Such income, if authorized to be distributed at the trustee's discretion, shall be deemed "distributable" to the beneficiaries, whether resident, nonresident or exempt organizations, in equal shares, unless the trust instrument provides otherwise.

17 NCAC 8.1505(b). The trustee argues that the last sentence of this regulation conflicts with the clear language in G.S. Sec. 105-212 and the meaning of "distributable" expressly adopted in *Dickson*. We disagree.

A

In *Dickson*, only nonresidents were named as beneficiaries in the trusts; no income was capable of being distributed to residents. The trusts were held by a resident trustee for the sole benefit of nonresidents, whose assets would not otherwise be sub-

ject to a North Carolina intangibles tax. To impose a tax just because all the net income was retained in a trust controlled by a North Carolina trustee would defeat the purpose of the statute. 66 N.C. App. at 196, 310 S.E. 2d at 405.

In contrast to *Dickson*, the case at bar involves a trust held for the benefit of residents and nonresidents. Although all the net income is literally "capable of being distributed" to nonresidents, some was actually distributed to both residents and nonresidents, and some was retained in the trust for the future benefit of both residents and nonresidents. We reject the argument that *Dickson* requires a total exemption for any trust which gives discretion to the trustee to distribute the net income to nonresidents regardless of any actual distribution to residents or the retention of income in the trust. *Dickson* requires only that if all the net income is distributed to nonresidents or if the only potential beneficiaries are nonresidents, the trust is entirely exempt from intangibles taxation under G.S. Sec. 105-212.

B

We must now determine whether the regulation adopted by the Department of Revenue after the decision in *Dickson* conflicts with the clear intent and purpose of the statute. *See Sale v. Johnson*, 258 N.C. 749, 757, 129 S.E. 2d 465, 469-70 (1963). In so doing, we recognize that "[s]tatutes providing exemption from taxation are strictly construed. . . ." and that, "[o]rdinarily, the interpretation given to the provisions of our tax statutes by the Commissioner of Revenue will be held to be *prima facie* correct and such interpretation will be given due and careful consideration by this Court, though such interpretation is not controlling." *Id.* at 757, 129 S.E. 2d at 470 (quoting *In re Vanderbilt University*, 252 N.C. 743, 114 S.E. 2d 655 (1960) and omitting citations). We also note the admonition in G.S. Sec. 105-212 that no provision of law be construed to exempt trust property from intangibles taxation "except in the specific cases covered by this section."

The Secretary's interpretation of G.S. Sec. 105-212 and the Department of Revenue regulation, 17 NCAC 8.1505, are reasonable and do not conflict with the intent or language of the statute. The purpose in enacting the exemption in 1947 was to assure trust settlors that naming a North Carolina trustee would not subject the interests of the nonresident beneficiaries to an addi-

tional tax burden *just because* the trustee was domiciled in this State. It was not intended "to exempt intangibles theretofore subject to the intangible personal property tax. . . ." *Allen v. Currie,* 254 N.C. 636, 643, 119 S.E. 2d 917, 922-23 (1961); *see Ervin v. Clayton,* 278 N.C. 219, 226, 179 S.E. 2d 353, 357 (1971).

The regulation provides for a total exemption when (1) all the trust income is distributed to nonresidents or (2) the only beneficiaries are nonresidents. This complies with *Dickson.* The regulation provides for partial exemption when (1) there are resident and nonresident beneficiaries and (2) not all the income is distributed to nonresidents. The intangible trust property is exempted in the ratio which net income distributed or "distributable" to nonresidents bears to total net income. Net income that is subject to distribution in the trustee's discretion but is retained in the trust is considered distributable to resident and nonresident beneficiaries in equal shares unless otherwise provided in the trust instrument. This is consistent with the language in G.S. Sec. 105-212 providing for partial exemptions, when appropriate, in the proportion approximating the percentage of the trust benefitting nonresidents. It is also consistent with the purposes of the statute to fairly apportion the tax burden and to avoid imposing a burden on otherwise exempt interests solely because the trustee is domiciled in North Carolina. *See Ervin; Allen.*

In contrast, the trustee's interpretation of G.S. Sec. 105-212 would conflict with the language and purpose of the statute. If, as the trustee contends, an entire trust is exempt from intangibles tax whenever one nonresident is named as a beneficiary who potentially may receive all the net income, property not otherwise exempt would become exempt.

For example, the naming of one nonresident beneficiary, even though excluded from actual distributions, would render the entire trust exempt, even if all the net income were distributed to residents. If this were intended by the legislature, it would not have been necessary to provide for consideration of net income actually "distributed" to nonresidents in the calculation of the exemption ratio.

Furthermore, the language providing for "partial" exemption would have meaning only when the trust instrument specifically prohibits the discretionary distribution of some part of the net in-

come to nonresidents. Only if the trust instrument were to limit the percentage or amount of net income distributable to nonresidents would a partial exemption, as opposed to a total exemption, be appropriate. Thus, a trust settlor could easily assure a total exemption by naming one nonresident beneficiary with no written restrictions on the net income distributable to that party. It would be difficult if not impossible to determine whether the nonresident were merely a straw person, thus not justifying any exemption, or an intended beneficiary. We do not believe the legislature intended to allow the use of a nonresident beneficiary to defeat taxation of intangible personal property held in a North Carolina trust.

## C

The trustee's alternative interpretation, proposed in a supplemental brief, is also rejected. The trustee suggests that even if net income actually distributed to residents were not considered to be "distributable" to nonresidents, the trust should be exempt from intangibles tax to the extent net income was either distributed to nonresidents or retained in the trust. The Secretary argues that net income retained in the trust that is "distributable" to residents and nonresidents should be considered distributable to nonresidents in the proportion that the number of nonresident beneficiaries bears to the number of all the beneficiaries. In the case at bar, there are seven nonresident beneficiaries and a total of eleven beneficiaries. Thus, the exclusion ratio for the retained net income is 7:11 under the Revenue regulation. The trustee argues that because all of the retained net income was literally "distributable" to any or all of the nonresidents, the exclusion ratio should be 1:1. Unless otherwise provided in the trust instrument, income retained in the trust accumulates for the potential benefit of all beneficiaries. Under the regulation challenged here, if all the beneficiaries were nonresidents, the entire trust would be exempt. If they were all residents, the entire trust would be taxable. If a certain percentage of the beneficiaries were nonresidents, only that percentage of the undistributed income would be considered distributable to the nonresidents. We believe this does not conflict with the intent and purpose of the statute, and, absent language in the trust instrument to the contrary, closely approximates the probable intent of the settlor.

NCNB v. Powers

Contrary to the contention of the trustee, the Supreme Court in *Allen* and *Ervin* did not state that the nonresident exemption in G.S. Sec. 105-212 was intended to encourage out-of-state business for North Carolina fiduciaries. Our reading of those cases and the statute itself reveals that the exemption was intended and designed to remove unfair impediments to the selection of North Carolina fiduciaries by trust settlors. But there was no apparent intention to actively encourage the selection of such fiduciaries by allowing them to avoid intangibles taxation on trust property that otherwise would be subject to it. Considering our obligation to construe tax exemptions narrowly, we decline to construe the exemption in G.S. Sec. 105-212 broadly to allow that result. Allowing only a partial exemption in cases such as the one at bar will assure equitable apportionment of the tax burden and will not unduly burden nonresident beneficiaries. More importantly, it will enforce the legislative purpose of the statute.

For the reasons set forth above, the trial court's judgment is reversed. General Statute Section 105-212 does not provide an exemption for all the intangible personal property held in a North Carolina trust whenever the trustee has the discretion to distribute the net income to nonresident beneficiaries, unless there are no named resident beneficiaries. Department of Revenue regulation 17 NCAC 8.1505, treating net income retained in a trust as "distributable to nonresidents" only to the extent that nonresidents are proportionately represented in the pool of all beneficiaries, is upheld. After carefully reviewing the calculation by the Secretary under 17 NCAC 8.1505 of the refund owed the trustee, we conclude that $527.29 plus interest was the proper amount.

The trial court's judgment is

Reversed.

Judges JOHNSON and COZORT concur.